UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YOK

| | |
|---|---|
| Sergio Alberto BARCO MERCADO,<br><br>    *Petitioner*,<br><br>v.<br><br>LaDeon FRANCIS, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; Kristi NOEM in her official capacity as Secretary of Homeland Security; Pam BONDI, in her official capacity as Atttorney General.<br><br>    *Respondents*. | Case No.<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

Petitioner Sergio Barco Mercado brings this petition to challenge his unlawful detention as he left immigration court in Manhattan yesterday, August 8, 2025—a detention that has separated him from his partner and young children, including a 3-month-old baby. Mr. Barco Mercado is an asylum seeker from Peru who has been present in the U.S. since 2022. Respondents previously determined he is subject to discretionary detention and released him on bond. At his hearing yesterday, an immigration judge set his case for a future hearing on his asylum application. But rather than let him pursue adjudication of his asylum petition, Respondents violently detained him and are now subjecting him to in inhumane conditions of confinement at 26 Federal Plaza in Manhattan, without a bed, bathing facilities, or a change of clothes.

1

Mr. Barco Mercado's confinement is unlawful, and he brings this Petition seeking immediate and unconditional release. He also asks this Court to enjoin his transfer out of the New York City area.

**PARTIES**

1. Petitioner Sergio Barco Mercado is a citizen of Peru who has lived in New York and New Jersey. He is currently detained at 26 Federal Plaza in New York, New York.

2. Respondent LaDeon Francis is named in his official capacity as the Acting Field Office Director of the New York Field Office for Immigration and Customs Enforcement ("ICE") within the United States Department of Homeland Security. In this capacity, he is also responsible for the administration of immigration laws and the execution of detention and removal determinations and is a legal custodian of Petitioner. Respondent Francis's address is New York ICE Field Office Director, 26 Federal Plaza, 7th Floor, New York, New York 10278.

3. Respondent Kristi Noem is named in her official capacity as the Secretary of Homeland Security in the United States Department of Homeland Security. In this capacity, she is responsible for the administration of the immigration laws pursuant to 8 U.S.C. § 1103(a)(2007); routinely transacts business in the Southern District of New York; is legally responsible for pursuing any effort to remove the Petitioner; and as such is a legal custodian of the Petitioner. Respondent Noem's address is U.S. Department of Homeland Security, 800 K Street N.W. #1000, Washington, District of Columbia 20528.

4. Respondent Pam Bondi is named in her official capacity as the Attorney General of the United States. In this capacity, she is responsible for the administration of the immigration laws as exercised by the Executive Office for Immigration Review ("EOIR"), pursuant to 8 U.S.C. § 1103(g). She routinely transacts business in the Southern District of New York and is legally

responsible for administering Petitioner's removal and custody proceedings and for the standards used in those proceedings. As such, she is the custodian of Petitioner. Respondent Bondi's office is located at the United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, DC 20530.

## JURISDICTION

5. The federal district courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the lawfulness or constitutionality of their detention by ICE. *See, e.g., Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Petitioner was detained by Respondents on July 16, 2025.

6. This Court has subject matter jurisdiction over this Petition pursuant to 28 U.S.C. § 2241 (habeas); 28 U.S.C. § 1331 (federal question); and Article I, § 9, cl. 2 of the United States Constitution. This Court has authority to grant declaratory and injunctive relief. 28 U.S.C. §§ 2201, 2202. The Court has additional remedial authority under the All Writs Act, 28 U.S.C. § 1651 and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## VENUE

7. Venue is proper in this Court because Petitioner is detained by Respondents in Manhattan at the time of filing. *See* Exh. A (ICE detainee locator).

## SPECIFIC FACTS ABOUT PETITIONER

8. Mr. Barco Mercado is a 28-year-old citizen of Peru and resident of New Jersey who only recently moved to New York City with his family. He came to the U.S. seeking protection from persecution over three years ago, in July 2022. He has two children, a six-year-old and a three-month-old U.S.-citizen baby born in the Bronx, New York.

9. His partner suffered medical complications during her pregnancy including an infection and as a result has been unable to work. Mr. Barco Mercado has supported the family through his work as a carpenter.

10. Upon entry to the U.S., Mr. Barco Mercado was detained by Respondents, charged with removability under 8 U.S.C. § 1182(a)(6)(A)(i), and released from custody on a $3,000 bond.

11. On information and belief, Mr. Barco Mercado has no criminal convictions in any country. He faced a neglect charge in family court in December 2023, but successfully completed a suspended judgement resulting in the dismissal of the underlying petition and no finding of neglect. He has had two prior immigration-court hearings since that charge.

12. Mr. Barco Mercado filed an application for asylum in June 2023. He has diligently attended immigration court and updated his address. He also sought out counsel to represent him and was briefly able to retain private counsel in May 2025, but was ultimately unable to afford the representation due to being his family's sole breadwinner.

13. As he left his most recent hearing on August 8, he was surrounded and detained by Respondents. Mr. Barco Mercado's counsel before ICE, who had a signed G28 agreement, were present but unable to obtain any information from ICE officers. Mr. Barco Mercado has remained detained at 26 Federal Plaza—which is serving as a de facto holding facility without beds, showers or basic sanitation—since he was detained.

**CAMPAIGN OF DETENTIONS**

14. On or about May 20, 2025, Respondents began a nationwide campaign to detain people attending their immigration court hearings. Initially, this was tied to motions to dismiss removal proceedings for people present in the U.S. for under two years, predicated on Respondents' intention to place them into expedited removal proceedings instead of full removal proceedings.

After such a motion was made, and irrespective of the outcome, Respondents would then detain individuals immediately after their appearance in immigration court. But the detention campaign appears to have now expanded, targeting even people for whom no motion to dismiss has been made or who are not eligible for expedited removal for detention. These detentions, too, lack any individualized basis.

15. In New York City, this campaign has led to a large number of detentions in all three Manhattan immigration courthouses. The detentions are not individualized: on information and belief, Respondents create lists of individuals to be detained and then proceed to detain every single one, even in the face of protests such as that the person has minor children or medical conditions or cannot lawfully be subject to expedited removal.

16. Once detained, New Yorkers targeted by this campaign are held incommunicado for several days or in some cases even longer. Family members often not hear from them for days and the ICE locator, an online portal, often does not reflect their location or reflects a detention center at which (according to facility staff there) detainees are not actually present. Respondents will not confirm detainees' location during this time and will not facilitate legal calls or visits.

17. Public reporting and reports from detainees have indicated that hundreds of people are regularly being for prolonged periods in rooms inside Manhattan federal buildings that are intended as temporary holding areas for a much smaller number of people.

18. The conditions inside 26 Federal Plaza are inhumane. Individuals detained do not have access to beds, regular meals, or communication with loved ones or counsel. Detainees also report that they are not able to bathe or change clothes; that the temperature can be extremely hot or cold; and that medical care is not provided. Detainees are also not given access to counsel.

**LEGAL FRAMEWORK**

19. The INA provides for removal proceedings to be the "sole and exclusive" procedures for removing people from the United States, subject to a few narrow exceptions. 8 U.S.C. 1229a. Section 1229a(a)(3) states that "[u]nless otherwise specified in this chapter, a proceeding under this section shall be the sole and exclusive procedure for determining whether an alien may be admitted to the United States or, if the alien has been so admitted, removed from the United States."[1]

20. Mr. Barco Mercado is currently in removal proceedings under section 1229a.

21. Congress has authorized civil detention of noncitizens in removal proceedings for specific, non-punitive purposes. *See Jennings v. Rodriguez*, 138 S.Ct. 830, 833 (2018); *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). For individuals who are arriving in the U.S. or who are subject to expedited removal because they have been present under two years and meet certain other requirements, mandatory detention is authorized by 8 U.S.C. § 1225(b)(2). For individuals who are in removal proceedings following entry without inspection and who are not subject to mandatory detention based on criminal history, detention is normally authorized by 8 U.S.C. § 1226(a). Individuals with a final order of removal may be subject to mandatory or discretionary detention pursuant to 8 U.S.C. § 1231(a).

22. In May 2025, the Board of Immigration Appeals held that "an applicant for admission who is arrested and detained without a warrant while arriving in the United States, whether or not at a port of entry, and subsequently placed in removal proceedings is detained under section 235(b) of the INA, 8 U.S.C. § 1225(b), and is ineligible for any subsequent release on bond under section 236(a) of the INA, 8 U.S.C. § 1226(a)." *Matter of Q. Li*, 29 I. & N. Dec. 66, 69 (BIA 2025). As a result of this new decision, many individuals who were encountered or

---

[1] "Attorney General" in Section 1254a now refers to the Secretary of the Department of Homeland Security. *See* 8 U.S.C. § 1103; 6 U.S.C. § 557.

6

presented themselves to immigration authorities shortly after entering the U.S. and who previously qualified for release on bond now no longer do.

23. On July 8, Respondents promulgated an internal memo directing ICE attorneys to argue for an even more expansive interpretation of who is subject to mandatory detention. This memo, now leaked to the public, states that "effective immediately, it is the position of DHS that [any noncitizens who have not been admitted to the country] are subject to detention under INA § 235(b) [8 U.S.C. § 1225(b)] and may not be released from ICE custody except by INA § 212(d)(5) [8 U.S.C. § 1182(d)(5)] parole. These [noncitizens] are also ineligible for a custody redetermination hearing ("bond hearing") before an immigration just and may not be released for the duration of their removal proceedings absent a parole by DHS."

24. Since the aforementioned memo, the U.S. Attorney's Office in the Southern District has begun to adopt Respondents' reasoning and changed its prior legal position to now argue in petitions before this Court that detention of individuals who entered the U.S. without inspection is pursuant to 8 U.S.C. § 1225(b) and therefore mandatory.

25. Respondents' position on their own detention authority contradicts decades of settled precedent that individuals who entered the U.S. without inspection is governed by 8 U.S.C. § 1226(a). Regulations promulgated nearly thirty years ago provide that "[d]espite being applicants for admission, [noncitizens] who are present without having been admitted or paroled (formerly referred to as [noncitizens] who entered without inspection) will be eligible for bond and bond redetermination" under Section 1226. 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997). Until now, Respondents consistently adhered to this interpretation. *See, e.g., Matter of Garcia-Garcia*, 25 I&N. Dec. 93 (BIA 2009); *Matter of D-J-*, 23 I&N. Dec. 572 (A.G. 2003); *see also* Transcript of Oral Argument at 44:24–45:2, *Biden v. Texas*, 597 U.S. 785 (2022) (No. 21-954) ([Solicitor

General]: "DHS's long-standing interpretation has been that 1226(a) applies to those who have crossed the border between ports of entry and are shortly thereafter apprehended.").

26. Since this shift, a growing number of courts have rejected Respondents' contention that entrants without inspection previously released pursuant to § 1226(a) are now subject to mandatory detention under § 1225(b). *Lopez Benitez v. Francis*, 1:25-cv-05937-DEH, 2025 WL 2267803, slip. op. at *10-18 (S.D.N.Y. August 8, 2025) (ECF No. 14) ("*Lopez Benitez*"); *Martinez*, 2025 WL 2084238, at *4; *Gomes v. Hyde*, No. 25 Civ. 11571 (JEK), 2025 WL 1869299, at *5-9 (D. Mass. July 7, 2025); *Rodriguez v. Bostock,* No. 3:25-CV-05240-TMC, 2025 WL 1193850, at *14 (W.D. Wash. Apr. 24, 2025).

27. Although civil immigration detention is authorized by statute, that detention serves only two legitimate purposes: mitigating flight risk and preventing danger to the community. *See Zadvydas*, 533 U.S. at 690; *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020).

28. DHS makes initial custody determinations pursuant to 8 C.F.R. § 1236.1(c)(8), which requires that noncitizens be released from custody *only* "if they demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." *See Velesaca v. Decker*, 458 F. Supp. 3d 224, 241 (S.D.N.Y. 2020) ("8 U.S.C. § 1226(a) and its implementing regulations require ICE officials to make an individualized custody determination"); *see also Lopez Benitez* at *20.

29. A person's liberty cannot be infringed upon without "adequate procedural protections." *Zadvydas*, 533 U.S. at 690-91. The Second Circuit has held that the *Matthews v. Eldridge* balancing test is applicable to determine the adequacy of process in the context of civil immigration confinement. *Velasco Lopez*, 978 F.3d at 851 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)). This test requires process sufficient to mitigate the risk of erroneous deprivation of

8

a liberty interest. Revocation of conditional release from confinement, even civil immigration confinement, infringes on a protected liberty interest. The liberty interest in even conditional release is well-established in the context of parole; probation; and freedom from civil immigration confinement. *See Valdez v. Joyce*, No. 25 CIV. 4627 (GBD), 2025 WL 1707737, at *3 (S.D.N.Y. June 18, 2025) (finding immigration petitioner's "liberty interest is clearly established"); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) (applying case law from the probation and parole contexts to conclude that the non-citizen petitioner had a "liberty interest in remaining out of [immigration] custody").

30.     As to process, at a minimum, in the context of revocation of civil release, "an individual whose release is sought to be revoked is entitled to due process such as notice of the alleged grounds for revocation, a hearing, and the right to testify at such a hearing." *Villiers v. Decker*, 31 F.4th 825, 833 (2d Cir. 2022).

31.     Despite these baseline requirements, Respondents now regularly re-detain individuals notwithstanding an earlier determination to release them and do so without according any notice or process whatsoever. These redetentions violate noncitizens' right to due process. *See Chipantiza-Sisalema*, 2025 WL 1927931, at *3 (ordering the immediate release of a petitioner redetained by ICE because she "poses a risk of flight or a danger to the community" and her sudden redetention violated her right to due process); *Valdez*, 2025 WL 1707737, at *4 (ordering the release of petitioner redetained after an immigration court hearing and concluding "Respondents ongoing detention of Petitioner with no process at all, much less prior notice, no showing of changed circumstances, or an opportunity to respond, violates his due process rights.")

## CLAIMS FOR RELIEF

### COUNT ONE
### VIOLATION OF THE DUE PROCESS CLAUSE
### OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION
(Redetention and Conditions of Confinement)

32. Mr. Barco Mercado repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

33. The Due Process Clause of the Fifth Amendment forbids the government from depriving any person of liberty without due process of law. U.S. Const. amend. V. *See generally Reno v. Flores*, 507 U.S. 292 (1993); *Zadvydas v. Davis*, 533 U.S. 678 (2001); *Demore v. Kim*, 538 U.S. 510 (2003).

34. Petitioner's detention violates the Due Process Clause. He was determined not to pose danger or flight risk when he was released from custody in July 2022; he has since applied for asylum and diligently attended immigration court, including most recently in May 2025. There is no reason to now conclude he poses a danger or flight risk. He was also not accorded sufficient process prior to his sudden re-detention by ICE in August 2025. He has received neither notice nor an opportunity to be heard as to whether a change in custody status was warranted. *See Lopez v. Sessions*, No. 18 CIV. 4189 (RWS), 2018 WL 2932726, at *12 (S.D.N.Y. June 12, 2018) ("Petitioner's re-detention, without prior notice, a showing of changed circumstances, or a meaningful opportunity to respond, does not satisfy the procedural requirements of the Fifth Amendment"); *see also Chipantiza-Sisalema*, 2025 WL 1927931, at *3; *Valdez*, 2025 WL 1707737, at *4.

35. Respondents are likely to now contend in administrative proceedings that Mr. Barco Mercado is ineligible for bond under *Matter of Q Li*, 29 I. & N. Dec. 66 (BIA 2025) and their own more capacious interpretation of the mandatory detention provision at 8 U.S.C. § 1225(b).

This argument is contradicted by Respondents' prior determinations in Mr. Barco Mercado's case and the text and structure of the detention statutes. Mandatory detention without access to a bond hearing violates Petitioner's right to due process.

36. Respondents are now subjecting him to inhumane conditions of confinement at 26 Federal Plaza.

37. Respondents' actions violate Mr. Barco Mercado's right to due process.

## COUNT TWO
## VIOLATION OF THE FOURTH AMENDMENT (Redetention)

38. Mr. Barco Mercado repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

39. Mr. Barco Mercado was detained by federal immigration officials as removable when he entered the United States. The government exercised its discretion under the Immigration and Nationality Act to release him while he litigated that charge in immigration court. At the time of Mr. Barco Mercado's arrest, he had been living at liberty pursuant to that determination by federal immigration authorities.

40. The government lacked reliable information of changed or exigent circumstances that would justify Mr. Barco Mercado's arrest on the same basis after federal immigration authorities previously decided he could pursue his claims for immigration relief at liberty.

41. His re-arrest based solely on the fact that he is subject to removal proceedings is unreasonable and therefore violates the Fourth Amendment.

## COUNT THREE
## RELEASE PENDING ADJUDICATION

42. Mr. Barco Mercado repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition as if fully set forth herein.

43. Pursuant to *Mapp v. Reno*, this Court has the "inherent authority" to set bail pending the adjudication of a habeas petition when the petition has raised (1) substantial claims and (2) extraordinary circumstances that (3) "make the grant of bail necessary to make the habeas remedy effective." 241 F.3d 221, 226 (2d Cir. 2001).

44. Mr. Barco Mercado presents substantial claims. Moreover, extraordinary circumstances are also present, given that he has a three-month-old child and is confined in inhumane conditions at 26 Federal Plaza.

45. He requests immediate release pending adjudication of the instant petition.

## PRAYER FOR RELIEF

WHEREFORE, Petitioners respectfully requests that this Court:

1. Assume jurisdiction over this matter;

2. Enjoin Petitioner's transfer out of the New York City area;

3. Order Respondents to show cause why the writ should not be granted within three days, and set a hearing on this Petition within five days of the return, as required by 28 U.S.C. § 2243;

4. Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment; the Fourth Amendment; and the Immigration and Nationality Act and implementing regulations;

5. Grant a writ of habeas corpus ordering Respondents to immediately release Petitioner

from custody without restraints on his liberty beyond those that existed prior to his redetention on August 8, 2025;

6. Award reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412; and

7. Grant such further relief as this Court deems just and proper.

Dated: August 9, 2025
/s/ Paige Austin
Paige Austin
Harold Solis
Make the Road New York
301 Grove St.
Brooklyn, NY 11237
Tel. (718) 418-7690
Paige.Austin@maketheroadny.org
Harold.solis@maketheroadny.org

## CERTIFICATE OF SERVICE

I certify that on August 9, 2025, I electronically filed the attached the foregoing Petition for Writ of Habeas Corpus and accompanying Exhibits with the Clerk of the Court for the United States District Court for the Southern District of New York using the CM/ECF system. Service will therefore be effected by the CM/ECF system.

/s/ Paige Austin
Paige Austin
Make the Road New York
301 Grove St.
Brooklyn, NY
Tel.: (718) 565-8500 ext. 4139
Fax: (866) 420-9169
Email: paige.austin@maketheroadny.org

*Attorney for Petitioner*