UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SERGIO ALBERTO BARCO MERCADO,

                                        Petitioner,


                -against-                                    25-cv-6582 (LAK)


LADEON FRANCIS, in his official capacity as Acting Field
Office Director of New York, Immigration and Customs
Enforcement; KRISTI NOEM, in her official capacity as
Secretary of Homeland Security; PAM BONDI, in her
official capacity as Attorney General,

                                        Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


                        **MEMORANDUM OPINION**


            Appearances:

                    Paige Austin
                    Harold A. Solis
                    MAKE THE ROAD NEW YORK
                    *Attorneys for Petitioner*


                    Rebecca S. Tinio
                    Assistant United States Attorney
                    JAY CLAYTON
                    UNITED STATES ATTORNEY
                    *Attorney for Respondents*

LEWIS A. KAPLAN, *District Judge.*

The petitioner in this case, Sergio Alberto Barco Mercado, is a Peruvian citizen. He crossed into the United States illegally in 2022. Shortly after crossing the border, he was seized by U.S. Customs and Border Patrol ("CBP") agents. The agents served him with an arrest warrant pursuant to Section 236 of the Immigration and Nationality Act, as amended (the "INA"),[1] and detained him pending a decision on whether he was to be removed from the United States.

One may be forgiven for asking, "What was there to decide? He came in illegally. Just send him back." But there is more to it than that.

The United States long has afforded asylum to some noncitizens, even noncitizens who entered the United States illegally and were found here, *if* they have a well-founded fear of persecution in their own countries on account of their race, religion, nationality, membership in a particular social group, or political opinion.[2] If a noncitizen found in the United States establishes a right to asylum, that individual ordinarily cannot be removed to his or her home country or anywhere else where the individual likely would face persecution.[3] Mr. Barco claimed in his removal proceeding that he should not be removed from the United States because he is entitled to asylum.

---

[1] 8 U.S.C. § 1226.

Charles Decl. (Dkt 12) ¶ 6-7. The warrant citing § 236 as the basis for the arrest is Exhibit B (Dkt 12-2).

[2] 8 U.S.C. § 1158(b)(1)(A).

[3] *Id.* § 1158(c).

So what was to happen to Mr. Barco while the proceedings to decide if he is entitled to asylum or must be removed worked their way through often overworked and understaffed immigration courts?

For decades, it has been settled law that the freedom of noncitizens such as Mr. Barco during their removal proceedings is governed by INA Section 236 and its attendant regulations. Section 236, since a 1996 amendment, has given immigration authorities essentially two options at the outset of removal proceedings. One option is to keep the noncitizen in custody throughout the proceedings. The other option is to release the noncitizen on bond or parole.

In Mr. Barco's case, the immigration authorities decided in 2022 to release Mr. Barco on a $3,000 bond, which he posted.[4]  Like so many immigrants before him, he came to the New York area. He has lived here ever since with his partner and their children, one of them a U.S. citizen. He has worked as a carpenter to support his family. He has been convicted of no crimes. And he has shown up in Immigration Court repeatedly for events in his removal-asylum case. He voluntarily appeared again on August 8, 2025, when two things happened. First, the Immigration Court set Mr. Barco's case for a final hearing on his asylum claim, which would determine whether he was to be removed from the country. But, as Mr. Barco left the courtroom, U.S. Immigration and Customs Enforcement ("ICE") agents[5] swooped in, grabbed him, and took him into custody at 26 Federal Plaza, across the street from this courthouse.

---

[4]     Charles Decl. (Dkt 12) ¶ 9 & Ex. C (Dkt 12-3).

[5]     ICE is the immigration enforcement arm of the U.S. Department of Homeland Security ("DHS").

Why did ICE agents seize Mr. Barco despite the fact that the immigration authorities previously released him on bond while his removal proceedings were pending?

Certainly the answer does not appear in the warrant pursuant to which he was arrested. That warrant cites only INA Section 236 – pursuant to which Mr. Barco was free on bond – as the source of its authority.[6] The true answer lies with a decision made in Washington that extends far beyond Mr. Barco's case.

One month before Mr. Barco was seized, the current administration in Washington unilaterally decided to try to change the rules governing the freedom of noncitizens like Mr. Barco. On July 8, 2025, the acting director of ICE instructed ICE agents that INA Section 235(b),[7] not INA Section 236, "is the applicable immigration detention authority for all applicants for admission."[8]

Section 235(b) *requires* that the noncitizens to whom it applies be detained without bond. But Mr. Barco is not within a category of noncitizens covered by Section 235(b) because he has been living here for years. Simply put, Section 235(b) does not apply to Mr. Barco. Nevertheless, when ICE agents seized and detained him, they were following ICE's new and incorrect instructions to act pursuant to Section 235(b). While Mr. Barco was being processed after his arrest, ICE accordingly purported to make a new custody determination – namely, that Mr. Barco

---

[6]  Charles Decl. Ex. E (Dkt 12-5).

[7]  8 U.S.C. § 1225(b).

[8]  Memorandum from Todd Lyons, Acting ICE Dir., to ICE Employees, Interim Guidance Regarding Detention Authority for Applicants for Admission (July 8, 2025), https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission.

had to "be detained without bond pursuant to INA § 235(b)(2)(A)."[9]  And on the following day, August 9, 2025, ICE purported to cancel the bond on which Mr. Barco had been released in 2022.[10]

As will appear below, the current administration's change of heart on July 8, 2025, exceeded its authority and, in any case, was wrong.  Under the law as it stood in 2022, as it stood on July 8, 2025, *and as it stands now*, Mr. Barco was eligible for – and had received – release on bond.  The only thing that had changed was that the current administration told ICE agents in substance that it did not agree with the law that had been applied consistently for decades, and that ICE agents should arrest noncitizens, even those who had been released pending removal proceedings, who have lived here for lengthy periods, and who have complied with the conditions of their release.

One may agree or disagree with the wisdom or value of a law as it stands.  That is everyone's right.  But the subject of immigration – including who lawfully can come into or remain in the United States, from where, for what reasons, in what numbers, and by what legal processes – is a subject committed by the Constitution to the Congress.[11]  Indeed, "the Supreme Court long has held that 'over no conceivable subject is the legislative power of Congress more complete than it is over' immigration."[12]  The role of the executive branch is simply to "take Care that the Laws"

---

[9]     Charles Decl. (Dkt 12) ¶ 22.

[10]    *Id.* ¶ 23 & Ex. F (Dkt 12-6).

[11]    U.S. Const., art. I, § 8, cl. 4 ("The Congress shall have Power To . . . establish an uniform Rule of Naturalization.").

[12]    *Abreu v. Callahan,* 971 F. Supp. 799, 808 (S.D.N.Y. 1997) (quoting *Oceanic Steam Navigation Co. v. Stranahan,* 214 U.S. 320, 339 (1909)).

– the laws enacted by Congress – "be faithfully executed."[13]  If the executive branch does not agree with the law as it stands, its remedy is to ask Congress to change it and to see whether it can muster the votes necessary to do so.  But it may not nullify a federal statute solely on its own initiative and without an Act of Congress or proper judicial authority.[14]  And "[i]t is emphatically the province and duty of the judicial department" – not DHS or ICE or the executive branch in general – "to say what the law is."[15]

## *Facts*

*Prior Proceedings*

Following his seizure, ICE agents took Mr. Barco to a "holding room" at 26 Federal Plaza, the allegedly inhumane conditions in which are the subject of a class action pending in this Court and set for trial on May 4, 2026.[16]  Early on the following day, Mr. Barco filed this action for

---

[13]

U.S. Const., art. II, § 3.

[14]

*See United States v. Windsor,* 570 U.S. 744, 762 (2013).

[15]

*Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 177 (1803) (Marshall, C.J.).

[16]

*Barco Mercado v. Noem,* No. 25-cv-6568 (LAK)*,* 2025 WL 2658779 (S.D.N.Y. Sept. 17, 2025).

The complaint alleges that the "holding rooms" at 26 Federal Plaza are overcrowded, provide inadequate sleeping conditions, are unsanitary, deny basic personal hygiene products as well as sufficient food and water, lack adequate medical care, and suffer from barriers to attorney-client communication.

a writ of habeas corpus.[17]  He claims that his redetention violates the Due Process Clause and, in any case, that he is entitled to be released pending adjudication of this habeas petition under *Mapp v. Reno*[18] – *i.e.,* that there are extraordinary circumstances justifying his release, he has substantial claims, and his release is necessary to make the habeas remedy effective.

On August 9, 2025, ICE transferred Mr. Barco to the Orange County Jail where he remained until October 6, 2025, when he was transferred to the Metropolitan Detention Center in Brooklyn.  On the same day ICE first transferred Mr. Barco, ICE purported also to cancel the bond Mr. Barco posted in 2022.[19]

On October 9, 2025, the Court heard argument on Mr. Barco's motion for immediate release.  It concluded that he raised substantial claims with respect to the government's authority to redetain him and that extraordinary circumstances justifying his release were present.  The Court granted a conditional *Mapp v. Reno* injunction, finding in a bench opinion that Mr. Barco's immediate release was necessary to render the habeas remedy effective.[20]  He was conditionally released pending the determination of this habeas corpus petition promptly thereafter.

---

[17]
        It is undisputed that defendant Francis, the acting director of the ICE New York field office at 26 Federal Plaza, had immediate physical custody of Mr. Barco when Mr. Barco commenced this action.  *See, e.g.*, *Mercado v. Noem,* 2025 WL 2658779, at *4 & n.21.

[18]
        241 F.3d 221 (2d Cir. 2001).

[19]
        Under Section 236(b), "[t]he Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien."  8 U.S.C. § 1226(b).  As will appear, Mr. Barco contends that the cancellation of the bond also violated his due process rights.

[20]
        Order of Conditional Release (Dkt 24); Tr. Oct. 9, 2025 (Dkt 26) at 26:13-33:9.

*Grounds for Habeas Relief*

Mr. Barco challenges his redentention.  He contends that the administration had no basis for arresting him because (a) it is wrong in contending that Section 235(b)(2)(A) requires his detention, (b) the statute applicable to him is Section 236(a), pursuant to which he properly and lawfully was released in 2022 on bond pending the final determination of his removal-asylum case, which has not yet occurred, (c) he has complied with all conditions of his bond, and (d) his redentention without notice and cancellation of his 2022 bond violated his rights under the Due Process Clause, and his redentention violated also his Fourth Amendment right to be free of unreasonable seizure.

*Government's Response*

Despite Mr. Barco having been detained in 2022 under Section 236(a), released in 2022 under Section 236(a), and served a warrant in this case citing Section 236, respondents now claim that Section 236 has nothing to do with Mr. Barco's freedom.  They argue that Mr. Barco's redentention was governed instead by Section 235 – specifically, Section 235(b)(2)(A), which states that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted,

the alien shall be detained" pending a removal proceeding. An "applicant for admission" is, *inter alia*, "[a]n alien present in the United States who has not been admitted."[21]

According to respondents, Mr. Barco was mandatorily detained under Section 235(b)(2)(A) because he is a noncitizen present in the United States who has not been admitted and has not proven to an examining immigration officer that he is clearly and beyond a doubt entitled to be admitted. Respondents conclude that Mr. Barco's due process rights were not violated when he was redetained because he was entitled to only the process provided for in Section 235, which is none.

Respondents argue in the alternative that if the Court determines that Section 235(b)(2)(A) is inapplicable to Mr. Barco, then Mr. Barco must seek a bond hearing from an immigration judge before challenging his redetention through a habeas petition in this Court.

### *Discussion*

This is not the first time the administration's change of heart has been challenged in court. By a recent count, the central issue in this case – the administration's new position that *all* noncitizens who came into the United States illegally, but since have been living in the United States, *must be detained* until their removal proceedings are completed – has been challenged in at least 362 cases in federal district courts. The challengers have prevailed, either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty

---

[21] 8 U.S.C. § 1225(a)(1).

different courts spread across the United States.[22]  Thus, the overwhelming, lopsided majority have held that the law still means what it always has meant.[23]

To be sure, none of these decisions by other district judges is binding here.  This Court, as always in the absence of a governing Supreme Court or Second Circuit decision, makes its own independent assessment of whether Section 235(b)(2)(A) or Section 236 applies to Mr. Barco.

The Court begins, as it must, with the statutory text.  It then analyzes the statutory structure – that is, the relationship between Sections 235 and 236 – and history, along with relevant precedent.  Finally, the Court considers whether the record in this case supports respondents' argument.  Having determined which statute properly applies to Mr. Barco, the Court turns to the remaining issues, including the relief, if any, that should be granted to Mr. Barco.

*Statutory Text*

Statutory interpretation begins with the text.[24]

Section 235(b)(2)(A) provides as follows:

"Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking

---

[22]

Citations to the majority of cases referred to appear in Appendix A.  If not cited in long form earlier in the text, short form citations refer to cases cited in long form in Appendix A.

[23]

Citations to the minority of cases referred to appear in Appendix B.

[24]

*E.g.*, *Ross v. Blake*, 578 U.S. 632, 638 (2016).

admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."[25]

Respondents claim that Section 235(b)(2)(A) covers Mr. Barco because, despite having lived in the United States since 2022, he remains an "applicant for admission" and never demonstrated that he is "clearly and beyond a doubt entitled to be admitted."  But the language of Section 235(b)(2)(A) makes clear that it applies *only* if three criteria are met.  The noncitizen must be (i) an "applicant for admission," (ii) "seeking admission," and (iii) "not clearly and beyond a doubt entitled to be admitted."

In this case, Mr. Barco has been living in the United States for the last three years, not "seeking admission" to the country.  Indeed, the phrase "seeking admission" "necessarily implies some sort of present-tense action."[26]  As one of my colleagues aptly has written:

> "For example, someone who enters a movie theater without purchasing a ticket and then proceeds to sit through the first few minutes of a film would not ordinarily then be described as 'seeking admission' to the theater.  Rather, that person would be described as already present there.  Even if that person, after being detected, offered to pay for a ticket, one would not ordinarily describe them as 'seeking admission' (or 'seeking' 'lawful entry') at that point—one would say that they had entered unlawfully but now seek a lawful means of remaining there."[27]

---

[25]    Such a proceeding refers to a removal proceeding.  8 U.S.C. § 1229a.

[26]    *E.g.*, *Martinez*, 2025 WL 2084238, at *6; *see* The Chicago Manual of Style ¶ 5.114 (18th ed. 2024) ("The present participle denotes the verb's action as being in progress or incomplete at the time expressed by the sentence's principal verb.") .

[27]    *Lopez Benitez*, 2025 WL 2371588, at *7.

That court concluded that Section 235(b)(2)(A) applies only "to those noncitizens who are actively 'seeking admission' to the United States."[28]  The term, "admission," with respect to a noncitizen, means, "the lawful *entry* of the noncitizen into the United States *after inspection and authorization by an immigration officer.*"[29]  The requirement that an "applicant for admission" be "seeking admission" therefore limits the scope of Section 235(b)(2)(A) to those noncitizens actively seeking "lawful entry . . . into the United States after inspection and authorization by an immigration officer."[30]  A noncitizen who already has entered the United States illegally and is living here cannot be said to be actively seeking lawful *entry* into the United States.  The entry, whether lawful or unlawful, occurred years ago. And such a noncitizen certainly is not seeking *entry after inspection and authorization by an immigration officer.*  So the language of Section 235(b)(2)(A) does not apply to someone like Mr. Barco.

The language of Section 236(a), on the other hand, is much broader with respect to the noncitizens to whom it applies.  It provides in relevant part:

> "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General–
>
> > (1) may continue to detain the arrested alien; and
> >
> > (2) may release the alien on–

---

[28]

   *Id.*

[29]

   8 U.S.C. § 1101(a)(13)(A) (emphasis added).

[30]

   *See id.*

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General . . . ."[31]

It allows the immigration authorities to detain or release "an alien" – any alien – "pending a decision on whether the alien is to be removed."  Thus, unlike Section 235(b)(2)(A) – the text of which limits its application to applicants seeking admission – there is no indication in the text of Section 236(a) that the statute is meant to apply to a subcategory of noncitizens – those seeking lawful entry after having been inspected and examined by an immigration officer.

The titles of Sections 235 and 236 provide further textual support for the notion that Section 235(b)(2)(A) applies only to a subcategory of noncitizens, not including Mr. Barco, whereas Section 236 applies to all noncitizens found in this country, including Mr. Barco.[32]  Section 235 is entitled "Inspection by immigration officers; expedited removal of inadmissible *arriving aliens*; referral for hearing."[33] Because Mr. Barco already had arrived in the United States and had been living here for three years, he was not an "arriving alien[]" when he was redetained.  Section 236, in contrast, is entitled "Apprehension and detention of aliens," which seems to describe squarely what respondents seek to do to Mr. Barco here.

---

31

    Although the statutory sections relevant in this case vest discretion in the Attorney General, most immigration enforcement functions have since been transferred to the DHS Secretary. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002); 6 U.S.C. § 557.  For ease of reference, the Court here continues to track the statutory language or refers to immigration authorities in general.

32

    *See INS v. Nat'l Ctr. Immigrants' Rts., Inc.*, 502 U.S. 183, 189 (1991) ("[T]he title of a statute or section can aid in resolving an ambiguity in the legislation's text."); ANTONIN SCALIA & BRYAN A. GARNER, READING LAW 221 (2012) ("The title and headings are permissible indicators of meaning.").

33

    Emphasis added.

14

Accordingly, respondents' argument that Section 235(b)(2)(A) justified the detention of Mr. Barco is contradicted by the ordinary meaning of the statutory text.[34]

*Statutory Structure*

The structure of a statute also provides context in which its text must be interpreted and therefore is another lodestar for statutory interpretation.[35]

Respondents argue that applying Section 235(b)(2)(A) to mandate detention for someone like Mr. Barco makes sense because, in their view, all "applicants for admission" fall into one of two categories within Section 235, both of which are subject to mandatory detention. Section 235(b)(1) requires the detention and expedited removal of certain noncitizens "arriving in the United States" who are inadmissible due to fraud, misrepresentation, or lack of valid documentation.[36] Section 235(b)(2), in turn, explicitly exempts from its scope noncitizens who qualify for expedited removal under Section 235(b)(1).[37] Because of that carve-out, respondents claim, Section 235(b)(2) is a catchall for all "applicants for admission" not covered by Section 235(b)(1). In other words,

---

[34]

> *Corley v. United States*, 556 U.S. 303, 314 (2009) ("[O]ne of the most basic interpretive canons" is that "a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.") (quoting *Hibbs v. Winn*, 542 U.S. 88, 101 (2004)).

[35]

> *See Food Mktg. Inst. v. Argus Leader Media*, 588 U.S. 427, 436 (2019) ("In statutory interpretation disputes, a court's proper starting point lies in a careful examination of the ordinary meaning and structure of the law itself.").

[36]

> The Attorney General has the discretion to place in expedited removal proceedings also noncitizens who have not "been physically present in the United States continuously for the 2-year period immediately prior." 8 U.S.C. § 1225(b)(1)(A)(iii).

[37]

> *Id.* § 1225(b)(2)(B)(ii).

respondents argue that Section 235 mandates detention for all noncitizens who enter the country illegally. But respondents' assumption that Section 235 governs all "applicants for admission" begs the question.

Even assuming that Sections 235(b)(1) and 235(b)(2) are mutually exclusive would not mean that every "applicant for admission" must be subject to one of them. Section 235 cannot be interpreted in a vacuum in that way. After all, Section 236 exists too. And giving Section 235 as broad of a reach as respondents urge would narrow dramatically the reach of Section 236.

If, as respondents argue, Section 235 mandated detention for all noncitizens who enter the country illegally, "then it is not clear under what circumstances [Section 236(a)]'s authorization of detention on a discretionary basis would ever apply."[38] Because someone cannot be subject to both mandatory and discretionary detention, respondents would have Section 236(a) apply only to noncitizens who enter the country lawfully. Notwithstanding the text of the statute applying to all "aliens" generally, Section 236(a), in respondents' view, would be limited to "a subset of noncitizens who are lawfully admitted (e.g., on a visa of some sort), and who then remain present unlawfully."[39] "There is no indication," however, that Congress intended Section 236 "to be limited only to visa overstays."[40]

Respondents' argument, moreover, would render Congress' recent amendment to Section 236(c) redundant. In 2025, Congress passed the Laken Riley Act, which amended Section

---

[38]     *Lopez Benitez*, 2025 WL 2371588, at *8.

[39]     *Id.*

[40]     *Id.*

236(c).[41]  The act was named after the victim of a murder committed by a noncitizen who entered the United States unlawfully, was released pending further immigration proceedings, and was arrested for shoplifting but not detained on that charge before he allegedly committed the murder.[42] The Laken Riley Act accordingly mandates detention for noncitizens who enter the United States illegally, are released pending removal, and admit to committing, are arrested for, or convicted of "burglary, theft, larceny, shoplifting, assault of a law enforcement officer, . . . or any crime that results in death or serious bodily injury to another person."[43]  If respondents were correct that Section 235(b)(2)(A) requires mandatory detention of all noncitizens who unlawfully entered the United States, the Laken Riley Act would have been largely unnecessary, other than its limited application to visa overstays who admit to committing, are arrested for, or convicted of a covered crime.  Section 235(b)(2)(A), per respondents' logic, already would have required the detention of noncitizen burglars, thieves, robbers, shoplifters, law enforcement attackers, and other violent criminals who entered the country unlawfully.

　　　　　Respondents' argument that Section 235(b)(2)(A) requires the detention of Mr. Barco would all but negate the effect of Section 236(a) and render Congress's amendment this year to

---

[41]

　　　　Pub. L. No. 119-1, 139 Stat. 3 (2025) (codified at 8 U.S.C. § 1226(c)(1)(E)).

[42]

　　　　Karoun Demirjian, *Laken Riley Act is an Effort to Target Migrants Accused of Crimes*, N.Y TIMES (Jan. 29, 2025), https://www.nytimes.com/article/laken-riley-act-explained.html.

[43]

　　　　8 U.S.C. § 1226(c)(1)(E).

Section 236(c) superfluous. The structure of the statute thus undercuts or contradicts their position.[44]

*Statutory History*

Statutory history too informs the natural reading of statutes.[45]

Respondents argue that Congress, beginning with the INA, has eliminated any presumption of releasing noncitizens like Mr. Barco pending deportation. Maybe so. But eliminating any presumption favoring release pending deportation is different from eliminating the discretion Congress granted to immigration authorities to release someone like Mr. Barco pending that person's removal proceeding. And the statutory history, starting with the INA and continuing to Sections 235 and 236 in their modern form, shows that Congress always has given discretion to the Attorney General to detain or release noncitizens living in the United States pending removal decisions.

As originally enacted in 1952, the INA contained immigration enforcement provisions that differentiated between excludable and deportable noncitizens. It provided a list of thirty-one categories of noncitizens who were excludable from the United States.[46] Immigration authorities were required to detain noncitizens arriving at ports of the United States to determine

---

44

       *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 386 (2013) ("[T]he canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme."); *Stone v. INS*, 514 U.S. 386, 397 (1995) ("When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect.").

45

       *See United States v. Wells*, 519 U.S. 482, 492 (1997).

46

       Pub. L. No. 414, § 212(a), 66 Stat. 163, 182-87 (1952).

if they belonged to any of the excludable classes.[47]  If a noncitizen appeared to be excludable, immigration authorities had to exclude and deport the noncitizen without further inquiry.[48]  If a noncitizen instead merely did "not appear . . . to be clearly and beyond a doubt entitled to land," immigration authorities had to detain the noncitizen "for further inquiry."[49]  A special inquiry officer then conducted proceedings to determine whether an arriving noncitizen who had been detained for further inquiry should be allowed to enter the United States or excluded and deported.[50]

The INA contained too a list of eighteen categories of noncitizens present "in the United States" who were deportable, as distinct from excludable.[51]  Included in that list was any noncitizen, like Mr. Barco, who "entered the United States without inspection or at any time or place other than as designated by the Attorney General."[52]  "Pending a determination of deportability," the Attorney General had the discretion to keep the noncitizen in custody or release him or her on bond or conditional parole.[53]

---

[47]
    *Id.* § 232, 66 Stat. at 196.

[48]
    *Id.* § 235(c), 66 Stat. at 199.

[49]
    *Id.* § 235(b), 66 Stat. at 199.

[50]
    *Id.* § 236(a), 66 Stat. at 200.

[51]
    *Id.* § 241(a), 66 Stat. at 204-08.

[52]
    *Id.* § 241(a)(2), 66 Stat. at 204.

[53]
    *Id.* § 242(a), 66 Stat. at 208-09.

The basic exclusion and deportation framework of the INA went unchanged from its 1952 enactment until 1996.[54]  In 1996, however, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA").  There, Congress revised INA Section 235, which previously had governed exclusion proceedings, to provide for the inspection of "applicants for admission" and the "expedited removal of inadmissible arriving aliens."[55]  It revised INA Section 236 to govern generally the apprehension and detention of noncitizens.[56]  Finally, Congress replaced the language of exclusion with that of inadmissibility,[57] and it created removal proceedings to play the role previously played by deportation proceedings.[58]  Congress, in IIRIRA, nevertheless retained the discretion provided to the Attorney General in INA Section 236 to detain or release noncitizens pending removal determinations.[59]

District courts that have examined the statutory history of Sections 235 and 236 have agreed, for this reason, that when Congress enacted IIRIRA, "it 'did not fully disrupt the old system,

---

[54]

   Congress amended the INA in 1990, including amending the grounds for exclusion and deportation, but it did not yet discard the basic exclusion and deportation framework.  *See* Immigration Act of 1990, Pub. L. No. 101-649, §§ 601-03, 66 Stat. 4978, 5067-85 (1990).

[55]

   IIRIRA, Pub. L. No. 104-208, § 302, 110 Stat. 3009, 3579-84 (1996) (codified at 8 U.S.C. § 1225).

[56]

   *Id.* § 303, 110 Stat. at 3585-87 (codified at 8 U.S.C. § 1226).

[57]

   *See, e.g.*, *id.* § 308(d)(4)(H), 110 Stat. at 3618 (codified at 8 U.S.C. § 1222).

[58]

   *See, e.g.*, *id.* § 304, 110 Stat. at 3587-97 (codified at 8 U.S.C. §§ 1229, 1229a).

[59]

   *Id.* § 303, 110 Stat. at 3585 (codified at 8 U.S.C. § 1226).

including the system of detention and release on bond,'"[60] referring to the system of discretionary release for noncitizens present in the United States.  The Board of Immigration Appeals ("BIA"), meanwhile, recently took this history to mean that Congress, "after the 1996 enactment of IIRIRA," rendered all "aliens who enter the United States without inspection or admission . . . 'applicants for admission' . . . and subject to the inspection, detention, and removal procedures of [S]ection 235(b)."[61]

    This Court, contrary to the BIA, does not take Congress's 1996 amendments to the exclusion and deportation scheme of the INA to reflect a desire to "create completely level treatment for noncitizens in removal proceedings, regardless of whether they are living in the United States or encountered at the border."[62]  Like other district courts, it reads the statutory history to reflect adjustments in the law "in some respects to reduce inequities in the removal process" without "entirely up-end[ing] the existing detention regime by subjecting *all* inadmissible noncitizens to mandatory detention."[63]  There is no evidence in the statutory history that Congress, in IIRIRA,

---

[60]

    *Hernandez*, 2025 WL 2996643, at *7 (quoting *Salcedo Aceros*, 2025 WL 2637503, at *12).

[61]

    *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 224 (B.I.A. 2025).

[62]

    *Salcedo Aceros*, 2025 WL 2637503, at *12; *see Hernandez*, 2025 WL 2996643, at *7; *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1260 (W.D. Wash. 2025); *Gutierrez*, 2025 WL 2962908, at *8.

[63]

    *Salcedo Aceros*, 2025 WL 2637503, at *12; *see Hernandez*, 2025 WL 2996643, at *7; *Rodriguez*, 779 F. Supp. 3d at 1260; *Gutierrez*, 2025 WL 2962908, at *8.

intended to cause "a seismic shift in the established policy and practice of allowing discretionary release under Section [236(a)] – the scope of which Congress did not alter."[64]

Until recently, the executive branch agreed that a system of discretionary release for noncitizens like Mr. Barco long had existed and continues to exist today. Shortly after Congress enacted IIRIRA, the U.S. Department of Justice ("DOJ") issued an interim rule explaining IIRIRA and how it amended the INA. There, the DOJ stated that "[d]espite being applicants for admission, noncitizens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination."[65] The executive branch maintained that stance on the record through as late as 2022, when, during an oral argument before the Supreme Court, then-Solicitor General Prelogar explained that DHS's "long-standing interpretation" of Sections 235 and 236 was that Section 236 "applies *as all agree* to anyone who is in the United States."[66]

The statutory history reflects an unbroken chain of granting discretion to immigration authorities to release noncitizens pending final removal decisions and thus confirms that Section 235(b)(2)(A), read naturally, does not mandate detention for Mr. Barco or others like him. Section 236(a) instead continues to authorize discretionary release.

---

[64]

*Salcedo Aceros*, 2025 WL 2637503, at *12; *see Hernandez*, 2025 WL 2996643, at *7; *Rodriguez*, 779 F. Supp. 3d at 1260; *Gutierrez*, 2025 WL 2962908, at *8.

[65]

Detention and Removal of Noncitizens, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997).

[66]

Transcript of Oral Argument at 44-45, *Biden v. Texas*, 597 U.S. 785 (2022) (No. 21-954) (emphasis added).

*Precedent*

Despite the text, structure, and history of Sections 235 and 236, respondents argue that applying Section 235(b)(2)(A) to noncitizens like Mr. Barco is supported by Supreme Court and Second Circuit precedent.  They are incorrect.

First, respondents claim that the Supreme Court in *Jennings v. Rodriguez*[67] categorized all "applicants for admission" as covered by either Section 235(b)(1) or (b)(2), both of whom must be detained.  But the Supreme Court in *Jennings* said, as the Court does here, that Section 235 applies to "aliens seeking admission into the country," whereas Section 236 applies to "aliens already in the country pending the outcome of removal proceedings."[68]  It went on in that same case to repeat that Section 236 "applies to aliens already present in the United States," like Mr. Barco, and "creates a default rule for those aliens by permitting—*but not requiring*—the Attorney General to issue warrants for their arrest and detention pending removal proceedings."[69]

Second, respondents argue that *DHS v. Thuraissigiam*,[70] *Zadvydas v. Davis*,[71] and *United States ex rel. Kordic v. Esperdy*[72] stand for the proposition that a noncitizen detained shortly

---

[67]      583 U.S. 281 (2018).

[68]      *Id.* at 289.

[69]      *Id.* at 303 (emphasis added).

[70]      591 U.S. 103 (2020).

[71]      533 U.S. 678 (2001).

[72]      386 F.2d 232 (2d Cir. 1967).

after unlawfully crossing the border remains an "applicant for admission," and is "treated, for constitutional purposes, as if stopped at the border."[73]  That may well be so as a constitutional matter.  But it does not change the fact that Section 235(b)(2)(A), as a statutory matter, mandates detention only for "applicants for admission" who are actively "seeking admission" and "lawful entry into the United States after inspection and authorization by an immigration officer."  As stated previously, Mr. Barco simply does not fall into that category.

What the precedent actually shows is that the Supreme Court long has recognized that Section 236 governs detention pending removal of noncitizens like Mr. Barco, who is living in the United States, especially having been released on bond.[74]  The Second Circuit apparently agrees. In several statements regarding the recent denial of rehearing en banc, it summarized its apparently unanimous view that Section 236 "governs the procedures for detaining noncitizens during the pendency of their removal proceedings."[75]

---

[73]

*Zadvydas*, 533 U.S. at 693.

[74]

*See Thuraissigiam*, 591 U.S. at 108-09, 119; *Jennings*, 583 U.S. at 303; *Zadvydas*, 533 U.S. at 683.

[75]

*Black v. Almodovar*, No. 20-3224, 2025 WL 2989687, at *3 (2d Cir. Oct. 24, 2025) (Nardini, J., dissenting from denial of rehearing en banc); *accord id.* at *19 (Chin, J. & Carney, J., supporting denial of rehearing en banc); *id.* at *1 (Lohier, J., concurring in denial of rehearing en banc) (adopting statement of Judges Chin and Carney).

Requiring the detention of noncitizens like Mr. Barco would be inconsistent with how immigration law in this country long has worked,[76] not to mention the rule of law and basic notions of due process.[77]  Respondents' arguments otherwise are unprecedented.

*The Administrative Record in Mr. Barco's Case*

Even immigration authorities' previous actions in Mr. Barco's case are inconsistent with the argument respondents now make as to Section 235(b)(2)(A).

When CBP first detained Mr. Barco two days after it found him near the border, it did so pursuant to Section 236.[78]  The warrant it served on Mr. Barco in connection with that arrest

---

[76]

*Cf. Yamataya v. Fisher*, 189 U.S. 86, 100-01 (1903) ("No such arbitrary power can exist" such that an "executive officer" could "cause an alien who has entered the country, and has become subject in all respects to its jurisdiction, and a part of its population, although alleged to be illegally here, to be taken into custody and deported without giving him all opportunity to be heard upon the questions involving his right to be and remain in the United States."); *Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) ("[O]ur immigration laws have long made a distinction between those noncitizens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality.  In the latter instance, the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'") (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953)); *United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990) ("[A]liens receive constitutional protections when they have come within the territory of the United States and developed substantial connections with this country."); *Zadvydas*, 533 U.S. at 693 ("The distinction between an noncitizen who has effected an entry into the United States and one who has never entered runs throughout immigration law . . . . [O]nce an noncitizen enters the country, the legal circumstance changes."); *Kordic*, 386 F.2d at 235.

[77]

*See Zadvydas*, 533 U.S. at 690, 693-94; *Velasco Lopez v. Decker*, 978 F.3d 842, 856-57 (2d Cir. 2020); *see also Demore v. Kim*, 538 U.S. 510, 531-32 (2003) (Kennedy, J., concurring) (In the context of detentions authorized under Section 236, "due process requires individualized procedures to ensure there is at least some merit to the" charge and detention.).

[78]

Charles Decl. Ex. A (Dkt 12-1).

cited Section 236 as the statutory basis for his detention.[79]  When Mr. Barco was released on bond five days later, he was released pursuant to Section 236.[80]  Even in August 2025, after the current administration purportedly had determined that "the applicable immigration detention authority for all applicants for admission" was Section 235(b)(2)(A), not Section 236(a),[81] ICE again provided Section 236 again as the detaining authority when it issued Mr. Barco a warrant after redetaining him.[82]

Nowhere in the record – until respondents' brief and attached declaration from an ICE deportation officer, opposing Mr. Barco's habeas petition – has the government claimed to have acted under the authority of Section 235(b)(2)(A).  In fact, even in their brief in this case, respondents seem to admit, perhaps inadvertently, that Section 236(a) *should* govern the freedom of noncitizens, like Mr. Barco, living in the United States.  Respondents admit that Section 236(a) "allowed [Mr. Barco's] temporary release from detention,"[83] that Mr. Barco was "released on an immigration bond pursuant to" Section 236(a),[84] and, most tellingly, that Section 236 "generally governs the process of arresting and detaining [aliens who already have entered the United States]

---

[79]

     *Id.* at Ex. B (Dkt 12-2).

[80]

     *Id.* at Ex. C (Dkt 12-3).

[81]

     Lyons, *supra* note 8.

[82]

     Charles Decl. Ex. E (Dkt 12-5).

[83]

     Respondents' Mem. Opp'n Habeas Pet. (Dkt 11) at 9.

[84]

     *Id.* at 10.

pending their removal."[85]  The Section 236(a) statutory scheme that respondents describe and that is evident in CBP's and ICE's past treatment of Mr. Barco would make no sense if Section 235(b)(2)(A) always mandated detention in Mr. Barco's case, as respondents now claim it does.

*       *       *

In matters of statutory interpretation, the Court gives "due respect to Executive Branch interpretations of federal statutes."[86]  To an interpretation that "was issued roughly contemporaneously with enactment of the statute and remained consistent over time,"[87] the Court affords great respect.  Comparable deference is not reasonably due to a novel purported "interpretation" that sprang forth in the midst of a determined campaign to arrest and remove as many noncitizens as possible – let alone an "interpretation" that is so inconsistent with the text, structure, and history of the relevant statute as well as precedent and the record in this case.

This Court holds that INA Section 235(b)(2)(A) neither authorizes nor justifies the mandatory detention of noncitizens who, like Mr. Barco, entered the country illegally but were released on bond under INA Section 236(a) pending the completion of removal proceedings and were "found" in the United States while living here pursuant to that bonded release.

---

[85] *Id.* at 16 (quoting *Jennings*, 583 U.S. at 288) (alteration in original).

[86] *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 385-86 (2024).

[87] *Id.* at 386.

*Due Process Challenge*

If respondents were going to redetain Mr. Barco lawfully, they would have had to have done so pursuant to Section 236 and its attendant regulations.  To be sure, Section 236(b) would have allowed the Attorney General to, at any time, revoke Mr. Barco's bond, rearrest him under the original warrant he was issued, and detain him.  The Court offers no opinion on whether doing so would have been right or wrong.  But redetaining Mr. Barco under Section 236 would have required respondents to provide Mr. Barco with a series of procedural protections set forth in applicable regulations.  To properly redetain Mr. Barco under Section 236, an immigration officer first would have had to exercise his or her discretion to revoke Mr. Barco's release on bond.[88]  After Mr. Barco was redetained, his bond would have had to have been revoked and cancelled.[89]  Mr. Barco then could have applied to an immigration judge for a bond hearing and release.[90]  If the immigration judge denied his request, Mr. Barco could have appealed that decision to the BIA.[91]

Although the warrant ICE issued to Mr. Barco on August 8, 2025, cites Section 236 as the source of authority for his redetention,[92] the record makes clear that ICE did not act pursuant

---

[88]

      8 C.F.R. § 236.1(c)(8)-(9).

[89]

      *Id.* § 236.1(c)(9).

[90]

      *Id.* § 236.1(d)(1).

[91]

      *Id.* § 236.1(d)(3)(I).

      Absent a constitutional claim or question of law, the BIA's decision would be final.  8 U.S.C. § 1226(e) strips federal courts of jurisdiction to review discretionary decisions "regarding the detention of any alien or the revocation or denial of bond or parole."

[92]

      Charles Decl. Ex. E (Dkt 12-5).

to Section 236 as it might have. Respondents, for starters, admit that ICE acted pursuant to only Section 235(b)(2)(A). They argue that Section 236 has nothing to do with Mr. Barco's redetention. Additionally, there is no evidence that an immigration officer exercised his or her discretion to revoke Mr. Barco's release on bond. There is no evidence to suggest:

> "(1) who made the decision to detain him, (2) when that decision occurred, (3) on what basis the decision to detain him was made, (4) whether there was any material change in circumstances with respect to Mr. [Barco] that triggered his detention, or (5) whether there was any sort of new policy in place that triggered his detention."[93]

When ICE agents redetained Mr. Barco as he was leaving a routine immigration court hearing, they appear to have acted automatically but nevertheless pursuant to the administration's July 2025 edict even as they later used paperwork referring to Section 236. That much is clear from the fact that ICE did not bother to conduct a custody redetermination until after arresting Mr. Barco.[94] Acting automatically is the opposite of exercising discretion.[95]

Mr. Barco argues that his redetention thus was a violation of his procedural due process rights. Respondents, besides arguing wrongly that Mr. Barco's detention was pursuant to Section 235(b)(2)(A), offer no response beyond suggesting that Mr. Barco's habeas petition is premature because he has not requested a bond hearing before an immigration judge.

---

[93]

*Lopez Benitez*, 2025 WL 2371588, at *11.

[94]

Charles Decl. (Dkt 12) ¶ 22.

[95]

*Cf. Bello-Reyes v. Gaynor*, 985 F.3d 696, 701 (9th Cir. 2021) (distinguishing discretionary standard governing ICE's decision to revoke noncitizen's bond pursuant to Section 236(b) and 8 C.F.R. § 236.1 from Fourth Amendment reasonableness standard for arrest).

The Due Process Clause prohibits the government from depriving any person of "life, liberty, or property, without due process of law."[96]  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."[97]  And "[a]n essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'"[98]  This principle protects citizens and noncitizens such as Mr. Barco alike.[99] Furthermore, in habeas proceedings concerning "executive detention orders," courts must conduct "the most searching review" to ensure the legality of the detention, "which occur[s] without the procedural protections required in courts of law."[100]

Here, Mr. Barco's redentention pursuant to the wrong statute violated due process. Mr. Barco had no notice before being redetained nor was he provided with an opportunity to be heard.  More importantly, respondents have offered no reason why ICE redetained Mr. Barco beyond the fact that he entered the country illegally.  Respondents have made no attempt to claim a government interest so weighty as to overcome Mr. Barco's significant liberty interest in being free from imprisonment and the unacceptable risk of erroneous deprivation associated with

---

[96]    U.S. Const., amend. V.

[97]    *Zadvydas*, 533 U.S. at 690.

[98]    *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Mullane v. C. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950)).

[99]    *Zadvydas*, 533 U.S. at 693.

[100]    *Velasco Lopez*, 978 F.3d at 850-51.

detaining a person with no process whatsoever.[101]  The current administration's unilateral decision that all noncitizens like Mr. Barco are to be mandatorily detained affords to such individuals no process, let alone due process.  It is unconstitutional.[102]

*Exhaustion*

"Under the doctrine of exhaustion of administrative remedies, 'a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself.'"[103] A party need not exhaust administrative remedies, however, when the available remedies would "provide no genuine opportunity for adequate relief" or when "administrative appeal would be futile."[104]

Rather than defend the constitutionality of the lack of process afforded to Mr. Barco, respondents argue in the alternative that if the Court holds that Section 236(a) should govern Mr. Barco's redetention, he would be entitled to a bond hearing before an immigration judge and first must exhaust this administrative remedy.

---

[101]

*See Mathews v. Eldridge*, 424 U.S. 319 (1976).

[102]

Because the Court concludes that Mr. Barco's procedural due process challenge has merit and warrants the requested relief, the Court need not, and does not, decide whether his substantive due process rights or Fourth Amendment right to be free from unreasonable seizures also entitle him to the requested relief.

[103]

*Howell v. INS*, 72 F.3d 288, 291 (2d Cir. 1995) (quoting *Guitard v. U.S. Sec'y of Navy*, 967 F.2d 737, 740 (2d Cir. 1992)).

[104]

*Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (Sotomayor, J.) (quoting *Able v. United States*, 88 F.3d 1280, 1288 (2d Cir. 1996)).

31

A bond hearing would not provide a genuine opportunity for adequate relief for the due process violation that occurred here.  ICE agents redetained Mr. Barco pursuant to the wrong statute and accordingly afforded him no process whatsoever.  Respondents have not shown that there was even an exercise of discretion to revoke Mr. Barco's release on bond before ICE agents redetained him as opposed to automatic action in light of the administration's change of heart in the face of the statute not to mention years of consistent practice.  But that is essentially beside the point.

Here, the BIA is an administrative body located in the DOJ, which, of course, is part of the executive branch of the government.  Its members are appointed by the Attorney General.  Its decisions are binding on all immigration judges.

On September 6, 2025, the BIA, held "[b]ased on the plain language of section 235(b)(2)(A) of the [INA], Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission."[105]  That decision is binding on all immigration judges.

To force Mr. Barco to request a bond hearing from an immigration judge – which would be denied under the BIA's recent decision and, even if it were held, would result in release being denied under that decision – and then appeal that denial to the same BIA that has prevented immigration judges from hearing bond requests in the first place, all before allowing Mr. Barco to

---

[105]  *Yajure Hurtado*, 29 I. & N. Dec. at 216.

seek judicial review of his arrest and redetention, would be "Kafkaesque."[106]   Exhaustion of administrative remedies would be futile.


*Award of Costs and Fees*

Mr. Barco seeks also an award of reasonable fees and costs pursuant to the Equal Access to Justice Act (the "EAJA").[107]   Under the EAJA, a court shall award to a "prevailing party" reasonable fees and expenses incurred in a "civil action" against the United States unless the court finds that "the position of the United States was substantially justified."   A party prevails if the court grants relief to the party based on "an assessment of the merits" and thus "unquestionably" and "materially alter[s] the existing legal relationship between the parties."[108]   Civil actions include habeas petitions "challenging immigration detentions."[109]   A position is substantially justified if it "had a reasonable basis in both law and fact."[110]

Here, Mr. Barco is the prevailing party in a civil action, and respondents' position was not substantially justified.   Respondents' position does not and has never had a reasonable basis in statutory text, structure, or history.   Their position has been rejected with near unanimity in the

---

[106]

See *J.G.O.*, 2025 WL 3040142, at *1.

[107]

28 U.S.C. § 2412.

[108]

*Vacchio v. Ashcroft*, 404 F.3d 663, 674 (2d Cir. 2005).

[109]

*Id.* at 672.

[110]

*Id.* at 674 (quoting *Sotelo-Aquije v. Slattery*, 62 F.3d 54, 57 (2d Cir. 1995)).

overwhelming majority of cases across the country.  Mr. Barco is entitled to reasonable fees and costs.

### *Conclusion*

Inscribed on the Statue of Liberty in New York harbor are these words:

> "With silent lips. 'Give me your tired, your poor,
> Your huddled masses yearning to breathe free,
> The wretched refuse of your teeming shore.
> Send these, the homeless, tempest-tost to me,
> I lift my lamp beside the golden door.'"[111]

Those words reflected U.S. immigration policy in 1903 when they were engraved.

Our nation's immigration laws and policies have changed – sometimes they have become more permissive, other times less so – in the past century and a quarter.  That is natural in democratic societies, as laws sometimes change to reflect the felt needs of the electorate.  As often is said, elections have consequences.

What remains the same, however, is that this is a country governed by the Constitution and the laws enacted by Congress that are in effect at any given time.  No executive edict is free to override either.  This Court should not be construed as expressing any view as to the desirability or undesirability of immigration policies of the United States – past, present, or future. It confines itself to deciding the strictly legal questions presented by this case.

For the foregoing reasons, Mr. Barco's petition for a writ of habeas corpus (Dkt 1) is granted.  Pending a final determination in his removal proceedings, Mr. Barco shall remain free of detention or any other restraint under the immigration laws of the United States to which he was

---

[111] EMMA LAZARUS, THE NEW COLOSSUS (1883).

34

not subject upon his release on bond in 2022.  Mr. Barco, on or before December 31, 2025, may

submit an application for fees and other expenses in accordance with the EAJA.

        SO ORDERED.

Dated: November 26, 2025

                                            Lewis A. Kaplan
                                   United States District Judge

## Appendix A

*Martinez v. Hyde*, No. 25-11613, 2025 WL 2084238 (D. Mass. July 24, 2025); *Bautista v. Santacruz*, No. 25-cv-01873, 2025 WL 2670875 (C.D. Cal. July 28, 2025); *Gonzalez v. Noem*, No. 25-cv-02054, 2025 WL 2633187 (C.D. Cal. Aug. 13, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); *Dos Santos v. Noem*, No. 25-cv-12052, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); *Arrazola-Gonzalez v. Noem*, No. 25-cv-01789, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *Maldonado v. Olson*, No. 25-cv-3142, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Romero v. Hyde*, No. 25-11631, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Samb v. Joyce*, No. 25 Civ. 6373, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); *Ramirez Clavijo v. Kaiser*, No. 25-cv-06248, 2025 WL 2419263 (N.D. Cal. Aug. 21, 2025); *Quinonez Mercado v. Dep't Homeland Sec.*, No. 25-cv-12066, 2025 WL 2430423 (D. Mass. Aug. 22, 2025); *Leal-Hernandez v. Noem*, No. 25-cv-02428, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Kostak v. Trump*, No. 25-1093, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); *Diaz Diaz v. Mattivelo*, No. 25-cv-12226, 2025 WL 2457610 (D. Mass. Aug. 27, 2025); *Lopez-Campos v. Raycraft*, No. 25-cv-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Francisco T. v. Bondi*, No. 25-CV-03219, 2025 WL 2629839 (D. Minn. Aug. 29, 2025); *Choglio Chafla v. Scott*, No. 25-cv-00437, 2025 WL 2531027 (D. Me. Sept. 2, 2025); *Salvador v. Bondi*, No. 25-cv-07946, 2025 WL 2995055 (C.D. Cal. Sept. 2, 2025); *Hernandez Nieves v. Kaiser*, No. 25-cv-06921, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); *Garcia v. Noem*, No. 25-cv-02180, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); *Doe v. Moniz*, No. 25-cv-12094, 2025 WL 2576819 (D. Mass. Sept. 5, 2025); *Mosqueda v. Noem*, No. 25-cv-02304, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-cv-326, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Guzman v. Andrews*, No. 25-cv-01015, 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025); *Sampiao v. Hyde*, No. 25-cv-11981, 2025 WL 2607924 (D. Mass. Sept. 9, 2025); *Pizzaro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425 (E.D. Mich. Sept. 9, 2025); *Hernandez Marcelo v. Trump*, No. 25-cv-00094, 2025 WL 2741230 (S.D. Iowa Sept. 10, 2025); *Lopez Santos v. Noem*, No. 25-CV-01193, 2025 WL 2642278 (W.D. La. Sept. 11, 2025); *Salcedo Aceros v. Kaiser*, No. 25-cv-06924, 2025 WL 2637503 (N.D. Cal. Sept. 12, 2025); *Munoz Materano v. Arteta*, No. 25 Civ. 6137, 2025 WL 2630826 (S.D.N.Y. Sept. 12, 2025); *Pablo Sequen v. Kaiser*, No. 25-cv-06487, 2025 WL 2650637 (N.D. Cal. Sept. 16, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Vazquez v. Feeley*, No. 25-cv-01542, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); *Salazar v. Dedos*, No. 25-cv-00835, 2025 WL 2676729 (D.N.M. Sept. 17, 2025); *Oliveros v. Kaiser*, No. 25-cv-07117, 2025 WL 2677125 (N.D. Cal. Sept. 18, 2025); *Castellanos v. Kaiser*, No. 25-cv-07962, 2025 WL 2689853 (N.D. Cal. Sept. 18, 2025); *Barrera v. Tindall*, No. 25-cv-541, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); *Chiliquinga Yumbillo v. Stamper*, No. 25-cv-00479, 2025 WL 2688160 (D. Me. Sept. 19, 2025); *Hasan v. Crawford*, No. 25-cv-1408, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025); *Singh v. Lewis*, No. 25-cv-96, 2025 WL 2699219 (W.D. Ky. Sept. 22, 2025); *Choglio Chafla v. Scott*, No. 25-cv-00437, 2025 WL 2688541 (D. Me. Sept. 22, 2025); *Lepe v. Andrews*, No. 25-cv-01163, 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025); *Giron Reyes v. Lyons*, No. C25-4048, 2025 WL 2712427 (N.D. Iowa Sept. 23, 2025); *Barrajas v. Noem*, No. 25-cv-00322, 2025 WL 2717650 (S.D. Iowa Sept. 23, 2025); *Roman v. Noem*, No. 25-cv-01684, 2025 WL 2710211 (D. Nev. Sept. 23, 2025); *Roa v. Albarran*, No. 25-cv-07802, 2025 WL 2732923 (N.D. Cal. Sept. 25, 2025); *Lopez v. Hardin*, No. 25-cv-830, 2025 WL 2732717 (M.D. Fla. Sept. 25, 2025); *Valencia Zapata v. Kaiser*, No. 25-cv-07492, 2025 WL 2741654 (N.D. Cal. Sept. 26, 2025); *Zumba v. Bondi*, No. 25-cv-14626, 2025 WL 2753496 (D.N.J. Sept. 26, 2025); *Inlago Tocagon v. Moniz*, No. 25-cv-12453, 2025 WL 2778023 (D. Mass. Sept. 29, 2025); *Romero-Nolasco v. McDonald*, No. 25-cv-12492, 2025 WL 2778036 (D. Mass. Sept. 29, 2025); *Chang Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579 (D. Me. Sept. 29, 2025); *J.U. v. Maldonado*, No. 25-CV-04836, 2025 WL 2772765 (E.D.N.Y. Sept. 29, 2025); *Quispe v. Crawford*, No. 25-cv-1471, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025); *Flores v. Noem*, No. 25-cv-02490, 2025 WL 3050062 (C.D. Cal. Sept. 29, 2025); *Helbrum v. Williams*, No. 25-cv-00349, 2025 WL 2840273 (S.D. Iowa Sept. 30, 2025);

*Chiliquinga Yumbillo v. Stamper*, No. 25-cv-00479, 2025 WL 2783642 (D. Me. Sept. 30, 2025); *Quispe-Ardiles v. Noem*, No. 25-cv-01382, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Rodriguez v. Bostock*, No. 25-cv-05240, 2025 WL 2782499 (W.D. Wash. Sept. 30, 2025); *Belsai D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947 (D. Minn. Oct. 1, 2025); *Rocha v. Hyde*, No. 25-CV-12584, 2025 WL 2807692 (D. Mass. Oct. 2, 2025); *Chanaguano Caiza v. Scott*, No. 25-cv-00500, 2025 WL 2806416 (D. Me. Oct. 2, 2025); *Casun v. Hyde*, No. 25-cv-427, 2025 WL 2806769 (D.R.I. Oct. 2, 2025); *Guzman Alfaro v. Wamsley*, No. 25-cv-01706, 2025 WL 2822113 (W.D. Wash. Oct. 2, 2025); *Echevarria v. Bondi*, No. CV-25-03252, 2025 WL 2821282 (D. Ariz. Oct. 3, 2025); *Pelico v. Kaiser*, No. 25-cv-07286, 2025 WL 2822876 (N.D. Cal. Oct. 3, 2025); *Patel v. Tindall*, No. 25-cv-373, 2025 WL 2823607 (W.D. Ky. Oct. 3, 2025); *Guerrero Orellana v. Moniz*, No. 25-cv-12664, 2025 WL 2809996 (D. Mass. Oct. 3, 2025); *Elias Escobar v. Hyde*, No. 25-cv-12620, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); *Pop v. Noem*, No. 25-cv-02589, 2025 WL 3050095 (C.D. Cal. Oct. 3, 2025); *Artiga v. Genalo*, No. 25-CV-5208, 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025); *Hyppolite v. Noem*, No. 25-CV-4304, 2025 WL 2829511 (E.D.N.Y. Oct. 6, 2025); *Cumes v. Moniz*, No. 25-cv-12514, 2025 WL 3197637 (D. Mass. Oct. 6, 2025); *S.D.B.B. v. Johnson*, No. 25-cv-882, 2025 WL 2845170 (M.D.N.C. Oct. 7, 2025); *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025); *Ledesma Gonzalez v. Bostock*, No. 25-cv-01404, 2025 WL 2841574 (W.D. Wash. Oct. 7, 2025); *B.D.V.S. v. Forestal*, No. 25-cv-01968, 2025 WL 2855743 (S.D. Ind. Oct. 8, 2025); *A.A. v. Olson*, No. 25-3381, 2025 WL 2886729 (D. Minn. Oct. 8, 2025); *Covarrubias v. Vergara*, No. 25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025); *Ortiz Donis v. Chestnut*, No. 25-CV-01228, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *Chavez v. Kaiser*, No. 25-cv-06984, 2025 WL 2909526 (N.D. Cal. Oct. 9, 2025); *Ballestros v. Noem*, No. 25-cv-594, 2025 WL 2880831 (W.D. Ky. Oct. 9, 2025); *Rico-Tapia v. Smith*, No. 25-00379, 2025 WL 2950089 (D. Haw. Oct. 10, 2025); *Carlos v. Noem*, No. 25-cv-01900, 2025 WL 2896156 (D. Nev. Oct. 10, 2025); *Castillo v. Lyons*, No. 25-cv-16219, 2025 WL 2940990 (D.N.J. Oct. 10, 2025); *Ortiz Martinez v. Wamsley*, No. 25-cv-01822, 2025 WL 2899116 (W.D. Wash. Oct. 10, 2025); *Alejandro v. Olson*, No. 25-cv-02027, 2025 WL 2896348 (S.D. Ind. Oct. 11, 2025); *E.C. v. Noem*, No. 25-cv-01789, 2025 WL 2916264 (D. Nev. Oct. 14, 2025); *Singh v. Lyons*, No. 25-cv-01606, 2025 WL 2932635 (E.D. Va. Oct. 14, 2025); *Merino v. Ripa*, No. 25-23845, 2025 WL 2941609 (S.D. Fla. Oct. 15, 2025); *Teyim v. Perry*, No. 25-cv-01615, 2025 WL 2950183 (E.D. Va. Oct. 15, 2025); *Mejia v. Woosley*, No. 25-cv-82, 2025 WL 2933852 (W.D. Ky. Oct. 15, 2025); *Pablo Sequen v. Albarran*, No. 25-cv-06487, 2025 WL 2935630 (N.D. Cal. Oct. 15, 2025); *Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-2453, 2025 WL 2938369 (S.D. Fla. Oct. 15, 2025); *J.S.H.M v. Wofford*, No. 25-CV-01309, 2025 WL 2938808 (E.D. Cal. Oct. 16, 2025); *Piña v. Stamper*, No. 25-cv-00509, 2025 WL 2939298 (D. Me. Oct. 16, 2025); *Ochoa Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779 (N.D. Ill. Oct. 16, 2025); *Hernandez Hernandez v. Crawford*, No. 25-cv-01565, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025); *Contreras-Cervantes v. Raycraft*, No. 25-cv-13073, 2025 WL 2952796 (E.D. Mich. Oct. 17, 2025); *Sanchez Alvarez v. Noem*, No. 25-cv-1090, 2025 WL 2942648 (W.D. Mich. Oct. 17, 2025); *Sabi Polo v. Chestnut*, No. 25-CV-01342, 2025 WL 2959346 (E.D. Cal. Oct. 17, 2025); *Zamora v. Noem*, No. 25-12750, 2025 WL 2958879 (D. Mass. Oct. 17, 2025); *Menjivar Sanchez v. Wofford*, No. 25-cv-01187, 2025 WL 2959274 (E.D. Cal. Oct. 17, 2025); *Gutierrez v. Baltasar*, No. 25-CV-2720, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Benitez-Cornejo v. Cantu*, No. CV-25-03672, 2025 WL 2992211 (D. Ariz. Oct. 17, 2025); *Sandoval v. Raycraft*, No. 25-cv-12987, 2025 WL 2977517 (E.D. Mich. Oct. 17, 2025); *Pacheco Mayen v. Raycraft*, No. 25-cv-13056, 2025 WL 2978529 (E.D. Mich. Oct. 17, 2025); *Zecua v. Lyons*, No. 25-cv-09794, 2025 WL 3150680 (C.D. Cal. Oct. 17, 2025); *H.G.V.U. v. Smith*, No. 25 CV 10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2025); *De La Cruz v. Noem*, No. C25-150, 2025 WL 3110876 (N.D. Iowa Oct. 20, 2025); *Da Silva v. Bondi*, No. 25-cv-12672, 2025 WL 2969163 (D. Mass. Oct. 21, 2025); *Maldonado v. Baker*, No. 25-3084, 2025 WL 2968042 (D. Md. Oct. 21, 2025); *Miguel v. Noem*, No. 25 C 11137, 2025 WL 2976480 (N.D. Ill. Oct. 21, 2025); *Casio-Mejia v. Raycraft*, No. 25-cv-13032, 2025 WL 2976737 (E.D. Mich. Oct. 21, 2025); *Contreras-Lomeli v. Raycraft*, No. 25-cv-12826, 2025 WL 2976739 (E.D. Mich. Oct. 21, 2025); *Santos Franco v. Raycraft*,

No. 25-cv-13188, 2025 WL 2977118 (E.D. Mich. Oct. 21, 2025); *Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025); *Buestan v. Chu*, No. 25-16034, 2025 WL 2972252 (D.N.J. Oct. 21, 2025); *Pineda v. Simon*, No. 25-cv-01616, 2025 WL 2980729 (E.D. Va. Oct. 21, 2025); *Garcia v. Wamsley*, No. 25-cv-01980, 2025 WL 3208777 (W.D. Wash. Oct. 21, 2025); *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025); *Garcia v. Noem*, No. 25-cv-02771, 2025 WL 2986672 (C.D. Cal. Oct. 22, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Padilla v. Noem*, No. 25 CV 12462, 2025 WL 2977742 (N.D. Ill. Oct. 22, 2025); *Martinez v. Trump*, No. 25-1445, 2025 WL 3124847 (W.D. La. Oct. 22, 2025); *Lomeu v. Soto*, No. 25cv16589, 2025 WL 2981296 (D.N.J. Oct. 23, 2025); *Maldonado v. Cabezas*, No. 25-13004, 2025 WL 2985256 (D.N.J. Oct. 23, 2025); *Del Cid v. Bondi*, No. 25-cv-00304, 2025 WL 2985150 (W.D. Pa. Oct. 23, 2025); *Esquivel-Ipina v. Larose*, No. 25-CV-2672, 2025 WL 2998361 (S.D. Cal. Oct. 24, 2025); *Hernandez v. Baltazar*, No. 25-cv-03094, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787 (N.D. Ill. Oct. 24, 2025); *Aguilar Guerra v. Joyce*, No. 25-cv-00534, 2025 WL 2999042 (D. Me. Oct. 24, 2025); *Carmona v. Noem*, No. 25-cv-1131, 2025 WL 2992222 (W.D. Mich. Oct. 24, 2025); *Lapop v. Noem*, No. 25-cv-016666, 2025 WL 2997507 (E.D. Va. Oct. 24, 2025); *Helal v. Janecka*, No. 25-cv-02650, 2025 WL 3190132 (C.D. Cal. Oct. 24, 2025); *Arias Lopez v. Hyde*, No. 25-12680, 2025 WL 3197806 (D. Mass. Oct. 24, 2025); *J.A.C.P. v. Wofford*, No. 25-cv-01354, 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lopez v. Warden, Otay Mesa Detention Ctr.*, No. 25-cv-2527, 2025 WL 3005346 (S.D. Cal. Oct. 27, 2025); *Sanchez v. Olson*, No. 25 CV 12453, 2025 WL 3004580 (N.D. Ill. Oct. 27, 2025); *Garcia Picazo v. Sheehan*, No. C25-4057, 2025 WL 3006188 (N.D. Iowa Oct. 27, 2025); *Martinez-Elvir v. Olson*, No. 25-CV-589, 2025 WL 3006772 (W.D. Ky. Oct. 27, 2025); *Pineda Velasquez v. Noem*, No. 25-3215, 2025 WL 3003684 (D. Md. Oct. 27, 2025); *Gimenez Gonzalez v. Raycraft*, No. 25-cv-13094, 2025 WL 3006185 (E.D. Mich. Oct. 27, 2025); *Tomas Elias v. Hyde*, No. 25-cv-540, 2025 WL 3004437 (D.R.I. Oct. 27, 2025); *Duarte Escobar v. Perry*, No. 25cv758, 2025 WL 3006742 (E.D. Va. Oct. 27, 2025); *Puerto-Hernandez v. Lynch*, No. 25-cv-1097, 2025 WL 3012033 (W.D. Mich. Oct. 28, 2025); *Patel v. Almodovar*, No. 25-15345, 2025 WL 3012323 (D.N.J. Oct. 28, 2025); *J.G.O. v. Francis*, No. 25-CV-7233, 2025 WL 3040142 (S.D.N.Y. Oct. 28, 2025); *Lopez v. Hardin*, No. 25-cv-830, 2025 WL 3022245 (M.D. Fla. Oct. 29, 2025); *Corona Diaz v. Olson*, No. 25 CV 12141, 2025 WL 3022170 (N.D. Ill. Oct. 29, 2025); *Garcia v. Noem*, No. 25-cv-1271, 2025 WL 3017200 (W.D. Mich. Oct. 29, 2025); *Rodriguez v. Noem*, No. 25-cv-1196, 2025 WL 3022212 (W.D. Mich. Oct. 29, 2025); *Ramirez Valverde v. Olson*, No. 25-CV-1502, 2025 WL 3022700 (E.D. Wis. Oct. 29, 2025); *Oliva v. Noem*, No. 25-cv-1592, 2025 WL 3145712 (E.D. Va. Oct. 29, 2025); *Martinez Lopez v. Larose*, No. 25-cv-2717, 2025 WL 3030457 (S.D. Cal. Oct. 30, 2025); *Singh v. Bondi*, No. 25-cv02101, 2025 WL 3029524 (S.D. Ind. Oct. 30, 2025); *Ayala Amaya v. Bondi*, No. 25-cv-16428, 2025 WL 3033880 (D.N.J. Oct. 30, 2025); *L.A.E. v. Wamsley*, No. 25-cv-01975, 2025 WL 3037856 (D. Ore. Oct. 30, 2025); *Astudillo v. Hyde*, No. 25-551, 2025 WL 3035083 (D.R.I. Oct. 30, 2025); *Lopez v. Sheehan*, No. 25-CV-4052, 2025 WL 3046183 (N.D. Iowa Oct. 30, 2025); *Escobar-Ruiz v. Raycraft*, No. 25-cv-1232, 2025 WL 3039255 (W.D. Mich. Oct. 31, 2025); *De Jesus Ramirez v. Noem*, No. 25-cv-1261, 2025 WL 3039266 (W.D. Mich. Oct. 31, 2025); *Ruiz Yarleque v. Noem*, No. 25-cv-02836, 2025 WL 3043936 (C.D. Cal. Oct. 31, 2025); *Arauz v. Baltazar*, No. 25-cv-03260, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Valencia v. Noem*, No. 25-cv-12829, 2025 WL 3042520 (N.D. Ill. Oct. 31, 2025); *Ponce v. Olson*, No. 25-cv-13037, 2025 WL 3049785 (N.D. Ill. Oct. 31, 2025); *Mejia v. Noem*, No. 25-cv-1227, 2025 WL 3041827 (W.D. Mich. Oct. 31, 2025); *Godinez-Lopez v. Ladwig*, No. 25-cv-02962, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *M.M. v. Wamsley*, No. 25-cv-02074, 2025 WL 3053023 (W.D. Wash. Oct. 31, 2025); *Garcia v. Noem*, No. 25-cv-00879, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025); *J.A.M. v. Streeval*, No. 25-cv-342, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025); *Flores v. Olson*, No. 25 C 12916, 2025 WL 3063540 (N.D. Ill. Nov. 3, 2025); *D.E.C.T. v. Noem*, No. 25 C 12463, 2025 WL 3063650 (N.D. Ill. Nov. 3, 2025); *Mboup v. Field Off. Dir. of N.J. Immigr. and Customs Enf't*, No. 25-cv-16882, 2025 WL 3062791 (D.N.J. Nov. 3, 2025); *Ramos v. Rokosky*, No. 25cv15892, 2025 WL 3063588 (D.N.J. Nov. 3, 2025); *Gonzalez v. Sterling*, No. 25-CV-6080,

2025 WL 3145764 (N.D. Ga. Nov. 3, 2025); *F.M.V. v. Wofford*, No. 25-cv-01381, 2025 WL 3083934 (E.D. Cal. Nov. 4, 2025); *Beltran v. Noem*, No. 25cv2650, 2025 WL 3078837 (S.D. Cal. Nov. 4, 2025); *Alonso v. Tindall*, No. 25-cv-652, 2025 WL 3083920 (W.D. Ky. Nov. 4, 2025); *Mendoza v. Noem*, No. 25-cv-1252, 2025 WL 3077589 (W.D. Mich. Nov. 4, 2025); *Tumba Huamani v. Francis*, No. 25-cv-8110, 2025 WL 3079014 (S.D.N.Y. Nov. 4, 2025); *Alvarez Ortiz v. Freden*, No. 25-CV-960, 2025 WL 3085032 (W.D.N.Y. Nov. 4, 2025); *R.E. v. Bondi*, No. 25-CV-3946, 2025 WL 3146312 (D. Minn. Nov. 4, 2025); *Arizmendi v. Noem*, No. 25 C 13041, 2025 WL 3089107 (N.D. Ill. Nov. 5, 2025); *Hernandez Capote v. Sec'y of U.S. Dep't of Homeland Sec.*, No. 25-13128, 2025 WL 3089756 (E.D. Mich. Nov. 5, 2025); *Lopez v. Noem*, No. 25-16890, 2025 WL 3101889 (D.N.J. Nov. 5, 2025); *Sarmiento v. Perry*, No. 25-cv-01644, 2025 WL 3091140 (E.D. Va. Nov. 5, 2025); *Rojas Vargas v. Bondi*, No. 25-cv-01699, 2025 WL 3251728 (W.D. Tex. Nov. 5, 2025); *Mirzoev v. Olson*, No. 25-cv-12969, 2025 WL 3101969 (N.D. Ill. Nov. 6, 2025); *Pacheco Carrillo v. Noem*, No. 25 C 12963, 2025 WL 3101993 (N.D. Ill. Nov. 6, 2025); *Hernandez-Luna v. Noem*, No. 25-cv-01818, 2025 WL 3102039 (D. Nev. Nov. 6, 2025); *Vicens-Marquez v. Soto*, No. 25-16906, 2025 WL 3097496 (D.N.J. Nov. 6, 2025); *Romero Perez v. Francis*, No. 25-cv-8112, 2025 WL 3110459 (S.D.N.Y. Nov. 6, 2025); *Garcia v. Noem*, No. 25-cv-1712, 2025 WL 3111223 (E.D. Va. Nov. 6, 2025); *Vasquez Carcamo v. Noem*, No. 25-cv-00922, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025); *Arredondo v. Olson*, No. 25-cv-12882, 2025 WL 3124149 (N.D. Ill. Nov. 7, 2025); *Rios v. Noem*, No. 25-cv-13180, 2025 WL 3124173 (N.D. Ill. Nov. 7, 2025); *Morales-Martinez v. Raycraft*, No. 25-cv-13303, 2025 WL 3124695 (E.D. Mich. Nov. 7, 2025); *Garcia v. Raycraft*, No. 25-cv-1281, 2025 WL 3122800 (W.D. Mich. Nov. 7, 2025); *Serrano v. Noem*, No. 25-cv-1320, 2025 WL 3122825 (W.D. Mich. Nov. 7, 2025); *Mendez v. Noem*, No. 25-cv-02062, 2025 WL 3124285 (D. Nev. Nov. 7, 2025); *Cantero Garcia v. Wamsley*, No. 25-cv-02092, 2025 WL 3123996 (W.D. Wash. Nov. 7, 2025); *Cruz-Gamez v. Bondi*, No. 25-cv-02154, 2025 WL 3130820 (W.D. Wash. Nov. 7, 2025); *O.P.A.M. v. Wofford*, No. 25-cv-01423, 2025 WL 3120552 (E.D. Cal. Nov. 7, 2025); *Munoz v. Noem*, No. 25-CV-1753, 2025 WL 3218241 (W.D. Tex. Nov. 7, 2025); *Guartazaca Sumba v. Crowley*, No. 25-CV-13034, 2025 WL 3126512 (N.D. Ill. Nov. 9, 2025); *Perez v. Noem*, No. 25 C 13442, 2025 WL 3140692 (N.D. Ill. Nov. 10, 2025); *Pere-Gomez v. Warden, Camp E. Mont. Det. Facility*, No. 25cv773, 2025 WL 3141103 (E.D. Va. Nov. 10, 2025); *Otilio B.F. v. Andrews*, No. 25-cv-01398, 2025 WL 3152480 (E.D. Cal. Nov. 11, 2025); *Martinez v. Noem*, No. 25-cv-12029, 2025 WL 3145103 (N.D. Ill. Nov. 11, 2025); *Lopez Briseno v. Noem*, No. 25 C 12092, 2025 WL 3145985 (N.D. Ill. Nov. 11, 2025); *Sharan S. v. Chestnut*, No. 25-cv-01427, 2025 WL 3167826 (E.D. Cal. Nov. 12, 2025); *Aquino v. LaRose*, No. 25-cv-2904, 2025 WL 3158676 (S.D. Cal. Nov. 12, 2025); *Guevara v. Swearingen*, No. 25 C 12549, 2025 WL 3158151 (N.D. Ill. Nov. 12, 2025); *Vasquez Gonzalez v. Olson*, No. 25 C 13162, 2025 WL 3158191 (N.D. Ill. Nov. 12, 2025); *Diego v. Raycraft*, No. 25-13288, 2025 WL 3159106 (E.D. Mich. Nov. 12, 2025); *Alvarez v. Noem*, No. 25-cv-1313, 2025 WL 3151948 (W.D. Mich. Nov. 12, 2025); *Lucero v. Noem*, No. 25-cv-1295, 2025 WL 3165235 (W.D. Mich. Nov. 12, 2025); *E.M. v. Noem*, No. 25-cv-3975, 2025 WL 3157839 (D. Minn. Nov. 12, 2025); *Guaman Naula v. Noem*, No. 25-16792, 2025 WL 3158490 (D.N.J. Nov. 12, 2025); *J.Y.L.C. v. Bostock*, No. 25-cv-02083, 2025 WL 3169865 (D. Ore. Nov. 12, 2025); *Quinapanta v. Bondi*, No. 25-cv-795, 2025 WL 3157867 (W.D. Wis. Nov. 12, 2025); *Marin v. Andrews*, No. 25-cv-01422, 2025 WL 3171484 (E.D. Cal. Nov. 13, 2025); *Calel v. LaRose*, No. 25-cv-02883, 2025 WL 3171898 (S.D. Cal. Nov. 13, 2025); *Cabrera v. Noem*, No. 25 C 12160, 2025 WL 3171288 (N.D. Ill. Nov. 13, 2025); *Serrano v. Salazar*, No. 25 C 13170, 2025 WL 3171354 (N.D. Ill. Nov. 13, 2025); *Delgado Avila v. Crowley*, No. 25-cv-00533, 2025 WL 3171175 (S.D. Ind. Nov. 13, 2025); *Caguana-Caguana v. Moniz*, No. 25-cv-13142, 2025 WL 3171043 (D. Mass. Nov. 13, 2025); *Anselmo v. Moniz*, No. 25-cv-13309, 2025 WL 3171137 (D. Mass. Nov. 13, 2025); *Singh v. Noem*, No. 25-cv-1251, 2025 WL 3170855 (W.D. Mich. Nov. 13, 2025); *Hernandez v. Noem*, No. 25-cv-1307, 2025 WL 3170872 (W.D. Mich. Nov. 13, 2025); *Lara v. Noem*, No. 25-cv-1332, 2025 WL 3170876 (W.D. Mich. Nov. 13, 2025); *Gonzalez v. Noem*, No. 25-cv-1315, 2025 WL 3170879 (W.D. Mich. Nov. 13, 2025); *Rueda Torres v. Francis*, No. 25 Civ. 8408, 2025 WL 3168759 (S.D.N.Y. Nov. 13, 2025); *Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639 (E.D. Pa.

Nov. 13, 2025); *Ramandi v. Field Off. Dir., ICE ERO San Francisco*, No. 25-CV-01462, 2025 WL 3182732 (E.D. Cal. Nov. 14, 2025); *Barreno v. Baltasar*, No. 25-cv-03017, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Villa v. Normand*, No. 25-cv-89, 2025 WL 3188406 (S.D. Ga. Nov. 14, 2025); *Rodriguez Loredo v. Forestal*, No. 25 C 12758, 2025 WL 3187319 (N.D. Ill. Nov. 14, 2025); *Quinonez v. Olson*, No. 25 CV 13524, 2025 WL 3190598 (N.D. Ill. Nov. 14, 2025); *Beltrand v. Mattos*, No. 25-cv-01430, 2025 WL 3205283 (D. Nev. Nov. 14, 2025); *Pu Sacvin v. Anda-Ybarra*, No. 25-cv-01031, 2025 WL 3187432 (D.N.M. Nov. 14, 2025); *Cuy Comes v. Deleon*, No. 25 Civ. 9283, 2025 WL 3206491 (S.D.N.Y. Nov. 14, 2025); *Chavez v. Dir. of Detroit Field Off.*, No. 25-cv-2061, 2025 WL 3187080 (N.D. Ohio Nov. 14, 2025); *Kashranov v. Jamison*, No. 25-cv-05555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cruz Gutierrez v. Thompson*, No. 25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Cardona-Lozano v. Noem*, No. 25-CV-1784, 2025 WL 3218244 (W.D. Tex. Nov. 14, 2025); *Morillo v. Albarran*, No. 25-cv-01533, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *Faizyan v. Casey*, No. 25-cv-02884, 2025 WL 3208844 (S.D. Cal. Nov. 17, 2025); *Aguilar v. Noem*, No. 25 C 12731, 2025 WL 3204568 (N.D. Ill. Nov. 17, 2025); *Soto-Garcia v. Olson*, No. 25-cv-13736, 2025 WL 3204594 (N.D. Ill. Nov. 17, 2025); *Ayala v. Olson*, No. 25 C 13317, 2025 WL 3210398 (N.D. Ill. Nov. 17, 2025); *Lara v. Olson*, No. 25 C 13110, 2025 WL 3210403 (N.D. Ill. Nov. 17, 2025); *Balderas v. Olson*, No. 25 C 12749, 2025 WL 3210422 (N.D. Ill. Nov. 17, 2025); *Garcia v. Olson*, No. 25 C 13621, 2025 WL 3210425 (N.D. Ill. Nov. 17, 2025); *Alvarez v. Olson*, No. 25 C 13410, 2025 WL 3210461 (N.D. Ill. Nov. 17, 2025); *Alarcon v. Moniz*, No. 25-cv-13294, 2025 WL 3204553 (D. Mass. Nov. 17, 2025); *Gonzalez v. Raycraft*, No. 25-13502, 2025 WL 3218242 (E.D. Mich. Nov. 17, 2025); *Orellana v. Noem*, No. 25-cv-1333, 2025 WL 3198685 (W.D. Mich. Nov. 17, 2025); *Cardona v. Unknown Party*, No. 25-cv-1287, 2025 WL 3200682 (W.D. Mich. Nov. 17, 2025); *Sevilla v. Noem*, No. 25-cv-1325, 2025 WL 3200698 (W.D. Mich. Nov. 17, 2025); *Guerra v. Noem*, No. 25-cv-1341, 2025 WL 3204289 (W.D. Mich. Nov. 17, 2025); *Escobar Salgado v. Mattos*, No. 25-cv-01872, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Sandoval v. Rokosky*, No. 25-17229, 2025 WL 3204746 (D.N.J. Nov. 17, 2025); *Yupangui v. Hale*, No. 25-cv-884, 2025 WL 3207070 (D. Vt. Nov. 17, 2025); *Castillo v. Wamsley*, No. 25-cv-02172, 2025 WL 3204370 (W.D. Wash. Nov. 17, 2025); *Diaz v. Albarran*, No. 25-cv-09837, 2025 WL 3214972 (N.D. Cal. Nov. 18, 2025); *Torres v. Bondi*, No. 25-cv-02457, 2025 WL 3214773 (S.D. Cal. Nov. 18, 2025); *Ruiz v. LaRose*, No. 25-cv-02714, 2025 WL 3214975 (S.D. Cal. Nov. 18, 2025); *Sanchez v. Noem*, No. 25-CV-3068, 2025 WL 3214987 (S.D. Cal. Nov. 18, 2025); *Perez v. Olson*, No. 25 C 13731, 2025 WL 3213967 (N.D. Ill. Nov. 18, 2025); *Lopez v. Olson*, No. 25-cv-654, 2025 WL 3217036 (W.D. Ky. Nov. 18, 2025); *Mendez v. Raycraft*, No. 25-cv-1323, 2025 WL 3214100 (W.D. Mich. Nov. 18, 2025); *Eshdavlatov v. Arnott*, No. 25-cv-00844, 2025 WL 3217838 (W.D. Mo. Nov. 18, 2025); *Rodriguez v. Arnott*, No. 25-cv-00836, 2025 WL 3218553 (W.D. Mo. Nov. 18, 2025); *Cornejo-Mejia v. Bernacke*, No. 25-cv-02139, 2025 WL 3222482 (D. Nev. Nov. 18, 2025); *Sarmiento Guerrero v. Noem*, No. 25-CV-5881, 2025 WL 3214787 (E.D.N.Y. Nov. 18, 2025); *Guzman Cardenas v. Almodovar*, No. 25-CV-9169, 2025 WL 3215573 (S.D.N.Y. Nov. 18, 2025); *Villegas ex. rel. Guzman Andujar v. Francis*, No. 25-cv-09199, 2025 WL 3215597 (S.D.N.Y. Nov. 18, 2025); *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *Cortina v. Anda-Ybarra*, No. 25-CV-00523, 2025 WL 3218682 (W.D. Tex. Nov. 18, 2025); *Singh v. Andrews*, No. 25-cv-01543, 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025); *W.V.S.M. v. Wofford*, No. 25-cv-01489, 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Elias v. Knight*, No. 25-cv-00594, 2025 WL 3228262 (D. Idaho Nov. 19, 2025); *Esparza v. Knight*, No. 25-cv-00601, 2025 WL 3228282 (D. Idaho Nov. 19, 2025); *Rodriguez v. Knight*, No. 25-cv-00600, 2025 WL 3228285 (D. Idaho Nov. 19, 2025); *Cordoba v. Knight*, No. 25-cv-00605, 2025 WL 3228945 (D. Idaho Nov. 19, 2025); *Ibarra v. Knight*, No. 25-cv-00597, 2025 WL 3228968 (D. Idaho Nov. 19, 2025); *Arredondo v. Hollinshead*, No. 25-cv-00609, 2025 WL 3228972 (D. Idaho Nov. 19, 2025); *Esparza v. Hollinshead*, No. 25-cv-00599, 2025 WL 3228974 (D. Idaho Nov. 19, 2025); *Gonzalez v. Knight*, No. 25-cv-00602, 2025 WL 3228975 (D. Idaho Nov. 19, 2025); *Hernandez v. Bondi*, No. 25-cv-00615, 2025 WL 3228976 (D. Idaho Nov. 19, 2025); *Martinez v. Knight*, No. 25-cv-00610, 2025 WL 3228987 (D. Idaho Nov. 19, 2025); *Casarez v. Thompson*, No. 25-cv-00596,

2025 WL 3228988 (D. Idaho Nov. 19, 2025); *Lopez v. Anderson*, No. 25-cv-00621, 2025 WL 3228997 (D. Idaho Nov. 19, 2025); *Camacho v. Hollinshead*, No. 25-cv-00593, 2025 WL 3228998 (D. Idaho Nov. 19, 2025); *Rangel v. Knight*, No. 25-cv-00607, 2025 WL 3229000 (D. Idaho Nov. 19, 2025); *Serrato v. Anderson*, No. 25-cv-00603, 2025 WL 3229001 (D. Idaho Nov. 19, 2025); *Elias v. Knight*, No. 25-cv-00604, 2025 WL 3229013 (D. Idaho Nov. 19, 2025); *Ramirez v. Noem*, No. 25 C 13651, 2025 WL 3227341 (N.D. Ill. Nov. 19, 2025); *Lobera v. Noem*, No. 25 CV 13593, 2025 WL 3228984 (N.D. Ill. Nov. 19, 2025); *Gonzalez v. Olson*, No. 25 C 13439, 2025 WL 3237190 (N.D. Ill. Nov. 19, 2025); *Del Villar v. Noem*, No. 25-CV-00137, 2025 WL 3231630 (W.D. Ky. Nov. 19, 2025); *Ibarra v. Noem*, No. 25-cv-1335, 2025 WL 3223765 (W.D. Mich. Nov. 19, 2025); *Ortiz v. Raycraft*, No. 25-cv-1328, 2025 WL 3223771 (W.D. Mich. Nov. 19, 2025); *Martinez v. Unknown Party*, No. 25-cv-1298, 2025 WL 3223774 (W.D. Mich. Nov. 19, 2025); *Pastor v. Raycraft*, No. 25-cv-1301, 2025 WL 3223777 (W.D. Mich. Nov. 19, 2025); *Hernandez Franco v. Raycraft*, No. 25-cv-1274, 2025 WL 3223780 (W.D. Mich. Nov. 19, 2025); *Orozco-Martinez v. Lynch*, No. 25-cv-1353, 2025 WL 3223786 (W.D. Mich. Nov. 19, 2025); *Francisco T. V. Bondi*, No. 25-CV-03219, 2025 WL 3236513 (D. Minn. Nov. 19, 2025); *Mairena-Munguia v. Arnott*, No. 25-cv-3318, 2025 WL 3229132 (W.D. Mo. Nov. 19, 2025); *Ortiz v. Bernacke*, No. 25-cv-01833, 2025 WL 3237291 (D. Nev. Nov. 19, 2025); *Sales v. Mattos*, No. 25-cv-01819, 2025 WL 3237366 (D. Nev. Nov. 19, 2025); *Duran v. Bernacke*, No. 25-cv-02105, 2025 WL 3237451 (D. Nev. Nov. 19, 2025); *Perez v. Lyons*, No. 25-cv-17186, 2025 WL 3238540 (D.N.J. Nov. 19, 2025); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Figueroa v. Hermosillo*, No. 25-cv-02228, 2025 WL 3230466 (W.D. Wash. Nov. 19, 2025); *Manzanarez v. Bondi*, No. 25-cv-01536, 2025 WL 3247258 (E.D. Cal. Nov. 20, 2025); *Flores v. Noem*, No. 25-cv-03011, 2025 WL 3240807 (S.D. Cal. Nov. 20, 2025); *Boffill v. Field Off. Dir.*, No. 25-cv-25179, 2025 WL 3246868 (S.D. Fla. Nov. 20, 2025); *Rusu v. Noem*, No. 25 C 13819, 2025 WL 3240911 (N.D. Ill. Nov. 20, 2025); *Salinas v. Woosley*, No. 25-cv-121, 2025 WL 3243837 (W.D. Ky. Nov. 20, 2025); *Curillo v. Noem*, No. 25-cv-1340, 2025 WL 3235737 (W.D. Mich. Nov. 20, 2025); *Beltran v. Raycraft*, No. 25-cv-1352, 2025 WL 3237429 (W.D. Mich. Nov. 20, 2025); *Sanchez v. Noem*, No. 25-cv-1361, 2025 WL 3237435 (W.D. Mich. Nov. 20, 2025); *Melgar v. Noem*, No. 25-cv-1377, 2025 WL 3240058 (W.D. Mich. Nov. 20, 2025); *Cabrera-Cortes v. Knight*, No. 25-cv-01976, 2025 WL 3240971 (D. Nev. Nov. 20, 2025); *Sandhu v. Tsoukaris*, No. 25-14607, 2025 WL 3240810 (D.N.J. Nov. 20, 2025); *Lucero v. Soto*, No. 25-16737, 2025 WL 3240895 (D.N.J. Nov. 20, 2025); *Sun v. Almodovar*, No. 25-cv-9262, 2025 WL 3241268 (S.D.N.Y. Nov. 20, 2025); *Escarcega v. Olson*, No. CIV-25-1129, 2025 WL 3243438 (W.D. Okla. Nov. 20, 2025); *Patel v. McShane*, No. 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Plascencia v. Bondi*, No. CV-25-04140, 2025 WL 3250914 (D. Ariz. Nov. 21, 2025); *Padilla v. Bowen*, No. 25-cv-10780, 2025 WL 3251368 (C.D. Cal. Nov. 21, 2025); *Singh v. Bowen*, No. 25-cv-03034, 2025 WL 3251437 (C.D. Cal. Nov. 21, 2025); *Juarez v. Noem*, No. 25-cv-02972, 2025 WL 3251658 (C.D. Cal. Nov. 21, 2025); *Velasquez v. LaRose*, No. 25-CV-3137, 2025 WL 3251373 (S.D. Cal. Nov. 21, 2025); *Diaz-Villatoro v. LaRose*, No. 25-CV-3087, 2025 WL 3251377 (S.D. Cal. Nov. 21, 2025); *Santos v. LaRose*, No. 25-cv-3009, 2025 WL 3251575 (S.D. Cal. Nov. 21, 2025); *Marroquin v. LaRose*, No. 25-cv-3013, 2025 WL 3251579 (S.D. Cal. Nov. 21, 2025); *Lucas-Miguel v. LaRose*, No. 25-cv-3022, 2025 WL 3251580 (S.D. Cal. Nov. 21, 2025); *Garcia v. Raycraft*, No. 25-cv-13407, 2025 WL 3252286 (E.D. Mich. Nov. 21, 2025); *Delcid v. Noem*, No. 25-cv-1366, 2025 WL 3251139 (W.D. Mich. Nov. 21, 2025); *Oropeza v. Noem*, No. 25-cv-1343, 2025 WL 3251140 (W.D. Mich. Nov. 21, 2025); *Delgado v. Noem*, No. 25-cv-1249, 2025 WL 3251144 (W.D. Mich. Nov. 21, 2025); *Velasquez-Gomez v. Soto*, No. 25-17327, 2025 WL 3251443 (D.N.J. Nov. 21, 2025); *Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *Gomez v. Bondi*, No. C25-2248, 2025 WL 3251157 (W.D. Wash. Nov. 21, 2025); *Ramos v. Hermosillo*, No. 25-cv-02273, 2025 WL 3251159 (W.D. Wash. Nov. 21, 2025); *Padilla v. Galovich*, No. 25-cv-863, 2025 WL 3251446 (W.D. Wis. Nov. 21, 2025).

## Appendix B

*Pipa-Aquise v. Bondi*, No. 25-cv-01094, 2025 WL 2490657 (E.D. Va. Aug. 5, 2025); *Chavez v. Noem*, No. 25-cv-02325, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); *Vargas Lopez v. Trump*, No. 25CV526, 2025 WL 2780351 (D. Neb. Sept. 30, 2025); *Cirrus Rojas v. Olson*, No. 25-cv-1437, 2025 WL 3033967 (E.D. Wis. Oct. 30, 2025); *Sandoval v. Acuna*, No. 25-cv-01467, 2025 WL 3048926 (W.D. La. Oct. 31, 2025); *Oliveira v. Patterson*, No. 25-cv-01463, 2025 WL 3095972 (W.D. La. Nov. 4, 2025); *Mejia Olalde v. Noem*, No. 25-cv-00168, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025); *Altamirano Ramos v. Lyons*, No. 25-cv-09785, 2025 WL 3199872 (C.D. Cal. Nov. 12, 2025); *Cabanas v. Bondi*, No. 25-cv-04830, 2025 WL 3171331 (S.D. Tex. Nov. 13, 2025); *Valencia v. Chestnut*, No. 25-cv-01550, 2025 WL 3205133 (E.D. Cal. Nov. 17, 2025); *Alonzo v. Noem*, No. 25-cv-01519, 2025 WL 3208284 (E.D. Cal. Nov. 17, 2025); *De Andrade v. Patterson*, No. 25-cv-01695, 2025 WL 3252707 (W.D. La. Nov. 21, 2025).